[No. 6310. Decided November 9, 1906.]

## GEORGE U. CURTIS, *Respondent*, v. BARBER ASPHALT PAVING COMPANY *et al., Appellants.*[1]

EVIDENCE—HYPOTHETICAL QUESTIONS—OPINIONS AS TO CONTRIBUTORY NEGLIGENCE—ADMISSIBILITY. In an action for damages sustained through the breaking down of a bridge under the weight of plaintiff's load and team, it is error to permit a witness to answer a hypothetical question as to whether the driver of the team on such a bridge should have known of the danger; since that would be the opinion of a witness as to plaintiff's contributory negligence, and involved no question of science or peculiar knowledge.

APPEAL—REVIEW—ADMISSION OF EVIDENCE—HARMLESS ERROR. The admission of improper evidence which invaded the province of the jury in giving the opinion of a witness as to plaintiff's contributory negligence cannot be ground for reversal, where the appellant upon cross-examination put similar improper questions and had the benefit of the opinion of the witness on another theory of the case; especially where the answers were so manifestly proper that they could not be prejudicial.

NEGLIGENCE—COLLAPSE OF BRIDGE—DUTY TO SUPPLY SAFE PLACE—ASSUMPTION OF RISK—CONTRIBUTORY NEGLIGENCE. Where a paving company uses an old bridge for a dumping place for gravel delivered by teamsters of an independent contractor, it owes the duty to see that that place is reasonably safe, and it cannot be said that a teamster, in hauling his second load onto the bridge, assumed the risk or was guilty of contributory negligence, unless he had knowledge of the dangerous condition of the bridge and of the paving company's failure to discharge its duty.

TRIAL—INSTRUCTIONS—REQUESTS. It is not error to refuse requested instructions that are covered in the general charge.

[1]Reported in 87 Pac. 345.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered February 27, 1906, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained in the collapse of a bridge. Affirmed.

*Bamford A. Robb* and *Charles P. Harris*, for appellants.

*Govnor Teats*, for respondent.

RUDKIN, J.—This was an action to recover damages for personal injuries resulting from a fall through a bridge in the city of Tacoma. The bridge was a wooden structure, about two hundred feet in length, varying from twelve to thirty feet above the gulch which it spans, and was constructed about fifteen years ago. In the month of July, 1905, the defendant Barber Asphalt Paving Company was engaged in paving North K street, in close proximity to this bridge, under a contract with the city of Tacoma, and the defendant Anderson was the superintendent in charge of the work. By direction of the defendants, the gravel used in the work of paving the street was delivered on this bridge by teamsters in the employ of an independent contractor, and was removed from the bridge to the street by the workmen in charge of the paving. On the morning of July 12, the plaintiff, who was one of the teamsters engaged in hauling gravel, drove his team onto the bridge, by direction of the checker in the employ of the Asphalt Company, and as he did so, the weight of his load and team, coupled with the weight of the gravel already on the bridge, caused a span of the bridge to break and give way, precipitating the plaintiff, his load, team and wagon, to the bottom of the gulch beneath the bridge, thereby causing the injuries complained of in this action.

A trial was had before a jury, resulting in a verdict in favor of the plaintiff for the sum of $5,000. On motion for a new trial the court required the plaintiff to remit the

sum of $2,000 from the verdict, or a new trial would be ordered. Plaintiff elected to remit the $2,000, and judgment was entered on the verdict for the residue. From this judgment the defendants have appealed.

Errors are assigned in the admission of testimony, in denying a motion for a nonsuit and a challenge to the sufficiency of the testimony, in refusing certain instructions requested by the appellants, and in overruling the motion for a new trial.

A. U. Mills was called as a witness on the part of the respondent. On redirect examination, a hypothetical question was propounded, to which an objection was interposed and overruled. The question covers nearly a page of the transcript, and need not be stated here. Suffice it to say, the question sets forth nearly every possible phase of the case from the standpoint of the respondent, and concludes as follows: "Now, under these circumstances, I will ask you whether or not a driver should know that that place was a dangerous place to unload his gravel?" This question was manifestly improper, and the objection should have been sustained. In substance the inquiry was whether, in the opinion of the witness, the respondent would be guilty of contributory negligence under a given state of facts. No question of science or of technical or peculiar knowledge was involved, and the admission of the testimony was a palpable invasion of the province of the jury.

The question, however, was little more objectionable than similar questions propounded to the same witness on cross-examination. Thus the witness was asked: "Then to a man who understands bridge building, and knows what bridges are constructed for and so forth, he would see right in the face of it it would be dangerous to drive on such a bridge as that with a heavy load?" And again: "And then, for instance, you were driving a team loaded with gravel that weighed five tons, you would know it would be dangerous

to drive onto a bridge having already from ten to fifteen tons dead weight on it in one spot?" The appellants had the benefit of the opinion of the witness on one theory of the case, and they are in no position to complain if the respondent was accorded the benefit of a similar opinion on a different theory. Furthermore the answer given to the question as propounded was so manifestly proper that no prejudice could result from the ruling.

The appellants assign as error the refusal of the court to grant a nonsuit, the refusal to sustain a challenge to the sufficiency of the evidence, and a refusal to instruct the jury to return a verdict for the appellants. These assignments present but a single question, and may be considered together. The appellants contend that it appeared from the testimony of the respondent himself that he assumed the risk or was guilty of contributory negligence, and several pages of his testimony are quoted to sustain this view. The respondent was not in the employ of the appellants, and perhaps the doctrine of assumption of risk, as that term is understood in the law of master and servant, has no application. But whether we consider the defense as based on the doctrine of assumption of risk, or upon the maxim *volenti non fit injuria*, or upon contributory negligence, we do not think that the contention of the appellants can be sustained. They were using the bridge in question for a private purpose and it was incumbent on them to see that it was, or was made, reasonably safe for that purpose, and to exercise ordinary care in that regard.

The respondent, on the other hand, had a right to assume that the appellants had taken proper precautions for his safety and that the bridge was reasonably safe as a dumping place for the gravel. He did not assume the risk arising from the negligence of the appellants in failing to furnish a safe place, unless he was aware of such negligence; and for the same reason he cannot be said to have consented to

the injury, unless he had knowledge of the dangerous condition of the bridge and the failure of the appellants to discharge their duty toward him.   While the respondent was a bridge carpenter, and had more or less experience in the construction of bridges, and more or less knowledge as to their strength and carrying capacity, yet this was the second load he hauled onto the bridge; and it cannot be said as a matter of law that he knew, or should have known with the opportunities present, that the bridge was unsafe, or that the appellants were leading him into a veritable death-trap.   For these reasons, there was no error in the rulings complained of.

Error is assigned in the refusal of three requests for instructions, but an examination of the general charge of the court shows that the requests were given in substance, and this is all the law requires.   The error in denying the motion for a new trial is based upon the claim that the verdict is still excessive.   The testimony shows that the respondent was seriously if not permanently injured, and the verdict as reduced by the trial court is not, as a matter of law, excessive.   Finding no reversible error in the record the judgment is affirmed.

MOUNT, C. J., DUNBAR, FULLERTON, and HADLEY, JJ., concur.

CROW and ROOT, JJ., took no part.