[No. 8673.  Department Two.  June 14, 1910.]

JOHN LUPER, *Respondent*, v. H. C. HENRY, *Appellant.*[1]

EVIDENCE—OPINIONS—SAFE CONSTRUCTION.  Upon an issue as to negligence in the construction of a platform, experts may be permitted to answer a hypothetical question as to whether it was properly constructed.

APPEAL—REVIEW—EVIDENCE—HARMLESS ERROR.  It is harmless error to allow experts to state whether a platform was properly constructed and give opinions as to the cause of its falling, where reasonable minds could not differ and their conclusions were so self-evident that no prejudice could result.

MASTER AND SERVANT—NEGLIGENCE—CONSTRUCTION OF PLATFORM. There is sufficient evidence of negligence in the construction of a platform supporting a donkey engine, which fell upon employees, where it appeared that the foundation was weak and wavering and the platform toppled over several degrees allowing the engine to fall to the ground.

MASTER AND SERVANT—NEGLIGENCE—FELLOW SERVANTS—INSTRUCTIONS.  In an action for injuries sustained by an employee through the fall of a negligently constructed platform, it is not error to refuse in instruct that the plaintiff could not recover if his injuries were caused by the negligence of a co-employee, a certain engineer, where the latter was in no way responsible for the accident, and the jury were properly instructed as to nonliability for the acts of fellow servants.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT.  A verdict for $3,800 for injuries sustained by a common laborer 26 years of age is not excessive, where his spine was injured, probably permanently, and he had been unable to perform manual labor for nine months at the time of the trial.

[1]Reported in 109 Pac. 208.

Appeal from a judgment of the superior court for King county, Tallman, J., entered June 23, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee upon railroad construction work.    Affirmed.

*Roberts, Battle, Hulbert & Tennant*, for appellant.
*Jay C. Allen*, for respondent.

RUDKIN, C. J.—This was an action to recover damages for personal injuries.   At the time of the accident complained of, the plaintiff was in the employ of the defendant, who was engaged in the construction of a section of the Chicago, Milwaukee & St. Paul railroad near the town of Cle Elum, in Kittitas county.   At the place of the accident the railroad was built on a trestle about twenty feet above the ground, and a platform of the same height was constructed alongside the railroad, on which was stationed a donkey engine employed in hoisting gravel and cement used in concrete work. A cable extended from the drum of the engine over a pulley at the top of an elevator, situated some distance from the engine, and was attached to a wooden box or bucket in which the cement and gravel were dumped from wheelbarrows and hoisted to the mixer, about 25 feet above.   The gravel was dumped from trains on the trestle to the ground underneath, in close proximity to the elevator, near the foot of the platform on which the engine was stationed.   The plaintiff and his fellow workmen, to the number of six, were engaged in wheeling gravel from the dump to the elevator at the time of the accident.   After they had been thus engaged for about two hours, and while the plaintiff was filling his wheelbarrow near the foot of the platform, the platform gave way, or the engine was pulled from the platform by the cable attached to the bucket in the elevator, and some part of the engine, or some of the materials out of which the platform was constructed, fell upon the plaintiff, causing the injuries for which a recovery is here sought.   The complaint charged

that the platform on which the donkey engine was stationed was unsafe and insecure, and that the engine was old, worn, and out of repair, so that it would get beyond the control of the engineer and run away. The trial resulted in a verdict and judgment for the plaintiff, from which the defendant has appealed.

After the respondent had offered testimony tending to show the manner in which the platform was constructed, and the manner in which it toppled over and collapsed, causing the injury, he called two experts and propounded a hypothetical question calling for their opinion as to the safety of the platform and the cause of the accident. An objection to the hypothetical question was overruled, and upon this ruling, the first error is assigned. The principal contention of the appellant is that the inference, if any, to be drawn from the facts recited in the hypothetical question was for the jury, and not for the witnesses. The question itself was long and somewhat involved, and we deem it unnecessary to set it forth at length in this opinion. The witnesses were permitted to state that the platform was not properly or safely constructed, and also to express their opinion as to the cause of the accident. The first part of the question was, in our opinion, proper and the latter not; but be that as it may, if the facts were found as stated in the hypothetical question, there is no gainsaying the conclusion that the appellant was guilty of gross and inexcusable negligence in placing his servants at work amid such surroundings. Reasonable minds could not differ upon that question. The answers of the witnesses were so clearly right and their conclusions so self-evident that no injury or prejudice could result from the admission of the testimony. *Curtis v. Barber Asphalt Paving Co.*, 44 Wash. 334, 87 Pac. 345.

It is next contended that the court erred in denying a challenge to the sufficiency of the evidence to warrant a recovery in favor of the respondent. There is no merit in this assignment. The testimony on the part of the respondent tended

strongly to show that the foundation for the platform was weak and wavering, and that at the time of the accident the platform toppled over several degrees, thus permitting the engine and part of the heavy timbers of which the platform was constructed to fall to the ground. Of course there was testimony to the contrary, but we must accept the testimony of the respondent as true on a challenge of this kind.

The appellant requested the court to charge the jury that if they found that the injuries to the respondent, if any he received, were caused by the negligence or carelessness of the engineer in charge of the donkey engine, there could be no recovery, and the refusal of this instruction is assigned as error. Waiving the question whether the respondent and the engineer were fellow servants under the facts disclosed by this record, the latter was in no manner responsible for the condition of the engine or the faulty construction of the platform, and the court charged the jury that the respondent must show "that the engine fell, and the accident was caused, by reason of one of the acts of negligence alleged in the complaint," thus in effect charging that no recovery could be had for the negligence of the engineer. Furthermore, the court defined fellow servants to the jury, and instructed them that the appellant was not liable to the respondent for damages caused by such fellow servants. Other objections were urged against the charge of the court, but they require no discussion. The instructions fully and fairly stated the law of the case and were as favorable to the appellant as the facts would warrant.

It is lastly contended that the verdict is excessive. At the time of the injury the respondent was an able-bodied common laborer, 26 years of age. According to his testimony, his spine was injured, so that he was unable to perform manual labor from the time of the accident to the time of the trial, a period of nine months, and the testimony further shows that his injuries are probably permanent. Under these facts

a recovery of $3,800 is not excessive.    Finding no error in the record, the judgment is affirmed.

CROW, PARKER, MOUNT, and DUNBAR, JJ., concur.