[No. 12899. Department One. January 7, 1916.]

WALTER A. GODLEY, *Respondent,* v. ELWIN T. GOWEN, *Appellant.*[1]

MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE—QUESTION FOR JURY. In an action by a servant for injuries sustained in cranking an automobile, the negligence of the defendant is a question for the jury, where it appears that he advanced the spark while plaintiff was truning the crank, which the defendant knew or should have known would have a tendency to cause the engine to back-fire and kick back.

SAME—INJURY TO SERVANT—INSTRUCTIONS. In an action by a servant for injuries sustained in cranking an automobile, upon an issue as to whether defendant ordered the plaintiff to crank the car, or whether he did so without defendant's knowledge and contrary to orders, an instruction as to the duty of the defendant as to warning plaintiff of the dangers in case he ordered or "permitted" the plaintiff to do so, is not prejudicially erroneous in the inapt use of the word "permitted," where there was in the case no idea of permission except as inferred from the order to crank the car, and it must have been so understood.

DAMAGES—PERSONAL INJURIES—FUTURE PAIN AND SUFFERING—INSTRUCTIONS. In an action for personal injuries, it is correct to instruct that the jury may award damages for pain and suffering to which plaintiff will be subjected in the future.

MASTER AND SERVANT—INJURY TO SERVANT—CHOICE OF METHODS—INSTRUCTIONS. In an action by a servant for injuries sustained in

[1]Reported in 154 Pac. 141.

cranking an automobile, an instruction as to the duty of the plaintiff, in case there was a safe and an unsafe method of performing the act, is inapplicable where plaintiff was not instructed as to the proper manner and did not know that one way was safer than another.

APPEAL—REVIEW—HARMLESS ERROR. Error in allowing $100 damages on account of plaintiff's expenses, which were limited by the instructions to $40, is cured by the remitting of $200 from the verdict.

TRIAL—MISCONDUCT OF COUNSEL—PREJUDICE. In an action by a servant for personal injuries, counsel's statement that the defendant discharged the plaintiff shortly after the accident and refused to pay his expenses, is not such misconduct as to warrant a new trial, where the court, on objection, instructed the jury not to consider statements of counsel unless the same were supported by the evidence.

Appeal from a judgment of the superior court for King county, Smith, J., entered February 17, 1915, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained while cranking an automobile. Affirmed.

*Jas. A. Dougan,* for appellant.

*Walter S. Fulton,* for respondent.

MOUNT, J.—The plaintiff had his arm broken while attempting to crank an automobile. He sued the defendant for damages, alleging negligence in two respects: First, the plaintiff was employed by the defendant as a clerk in a grocery store; that he was not familiar with automobiles; that, on the day of his injury, the defendant ordered him to crank the automobile without informing him of the danger thereof, and that, while the plaintiff was turning the crank to start the engine, the defendant, without notifying the plaintiff, advanced the spark lever, which caused the engine to kick back and break the plaintiff's arm; second, that the plaintiff did not know that there was any danger of the engine back-firing, or kicking back, that the defendant failed to warn

the plaintiff of the danger, and failed to instruct him how to take hold of the handle of the crank.

These allegations of negligence were denied by the defendant; and he alleged that the injury was caused by the plaintiff's own neglect; that the defendant ordered the plaintiff not to go about the automobile, but that the plaintiff voluntarily, in violation of orders, and without the knowledge of the defendant, attempted to crank the automobile, and was injured.

Upon these issues, the case was tried to the court and a jury. A verdict was returned in favor of the plaintiff for the sum of $500 damages to his person, and $100 expenses. The trial court granted a new trial unless the plaintiff would remit from the verdict the sum of $200. This was done, and a judgment for $400 was entered. This appeal followed.

Numerous assignments of error are made in the appellant's brief; but the assignments are discussed under six points, which we shall briefly notice.

It is argued, first, that the court erred in denying motions for a directed verdict and for judgment *non obstante*. This is based upon the contention that no negligence on the part of the defendant was shown. It is claimed that the evidence shows that the plaintiff knew as much about cranking the automobile as the defendant did, and that therefore it was not negligence for the defendant to request the plaintiff to crank the automobile. The plaintiff testified that he was unfamiliar with the management of the automobile, and was unfamiliar with the method of safely starting the engine. All the evidence tended to show that, when a person is turning the engine, or cranking an automobile, the advancement of the spark lever at that time will cause the engine to back-fire, or kick back. We think the evidence fairly shows that the defendant knew, or should have known, this fact. It was clearly negligence, therefore, for the defendant to advance the spark so as to cause the engine to kick back when he knew the plaintiff was turning the engine by the crank, be-

cause it was clearly shown that, when an engine kicks back, or back-fires, the person holding the crank is placed in imminent danger. We are satisfied that, upon this fact alone, the question of negligence was for the jury, and the court therefore did not err in sending the case to the jury.

In the instructions to the jury the court, in substance, told the jury that, when an employee is ordered, or permitted by one having authority over him, to do a temporary work, beyond the work which he had engaged to do, and the one in authority knows, or ought to know from all the circumstances in the case, that such work is dangerous, it is the duty of the employer to caution and instruct a disqualified employee sufficiently to enable him to understand the dangers he will encounter. Another instruction was also given along the same lines.

It is argued by the appellant that the court erred in using the words, if the "defendant ordered or permitted the plaintiff to attempt to set the engine of the automobile of defendant in motion," because the use of the word "permitted" was confusing to the jury. It may be that the use of the word "permitted," taken from its connection with the facts of the case, was not apt; but it is plain from a reading of the instructions in connection with the facts that the court meant to tell the jury that if the defendant ordered the plaintiff to set the engine in motion, then it was the duty of the defendant to instruct an ignorant servant if dangers were attendant thereon. The plaintiff's case was based upon the allegation that he was ignorant of the dangers of cranking an automobile; that he was ordered by his master to do the work. The defense was based upon the statement that the defendant had forbidden the plaintiff to use the automobile, and that he was injured by disobeying the orders of the defendant; that he voluntarily, without the knowledge of the defendant, attempted to crank the automobile, and was thereby injured. There was no idea of permission, except as it may be inferred from an order by the defendant to the plaintiff to crank the

automobile; and we think this is what the court meant, and what the jury understood by the instruction. If the use of the word permitted was error, it was error without prejudice, because there was no contention on the part of the defendant that he permitted the plaintiff as a volunteer to crank the automobile. The defendant either ordered the plaintiff to crank it, or the plaintiff cranked it without the knowledge of the defendant and against his desires. We are satisfied, therefore, that these instructions were not erroneous under the circumstances.

It is next contended that the court erred in instructing the jury to the effect that, in estimating the amount of damages to be allowed to the plaintiff, they had a right to take into consideration the pain and suffering which the jury found the plaintiff to have sustained as the result of his injuries, "and any future pain and suffering, if any, that the evidence shows that the plaintiff will be subjected to." It is argued by the appellant that the complaint did not ask for damages for future pain and suffering, and that the plaintiff waived such suffering. This court has held in a number of cases that an instruction is erroneous where the jury are directed that they may find damages for future pain and suffering which would *probably* occur in the future. *Bennett v. Oregon-Washington R. & Nav. Co.*, 83 Wash. 64, 145 Pac. 62. The court in this case did not so instruct the jury, but instructed that they might find for future pain and suffering which the evidence showed that the plaintiff would be subjected to. We think this is a correct instruction, and therefore not erroneous. In the *Bennett* case, *supra*, we held, that where there is evidence that the plaintiff will be subjected to future pain and suffering, he is entitled to recover therefor. It is where there is a mere *probability* that the plaintiff will suffer that the instruction is erroneous. We find no error upon this question.

It is next urged as error that the court refused to give certain instructions to the effect that, if the jury found that

the servant chose an unsafe way in which to perform the act, where there was a safe method which a reasonably prudent person would take, then the servant could not recover. This, no doubt, is the rule in a proper case; but the only application this rule could have here is as to the manner in which the respondent says he took hold of the crank handle. There is nothing in the record to show that there was a safe way, and also an unsafe way, in which to take hold of the crank handle. There was evidence to show that taking hold of the crank in a certain way was safer than taking hold of it in some other way. But the plaintiff also testified that he was not aware that there was a safe way to take hold of the crank, and an unsafe way. He was not instructed upon that point, and did not know. We think an instruction with reference to the choice of ways does not apply to such facts.

It is next argued that the verdict is excessive, and that the jury were influenced by passion, shown by the fact that in the instructions the jury were told that they could not return a verdict in excess of $40 for expenses to which the plaintiff had been put for doctor's bills, etc., and because the jury returned a verdict for $100 on account of this item. This, no doubt, was the reason that the trial court ordered a reduction of the verdict from $600 to $400. Conceding that the jury returned an erroneous verdict in the sum of $100 when the instruction permitted them to return a verdict of only $40 upon that question, that error was completely cured when the total amount of the excess verdict was stricken or reduced.

It is finally claimed that, in the opening statement of counsel for the plaintiff, a statement was made to the effect that, shortly after the accident, the defendant discharged the plaintiff from his employ and refused to pay his doctor's bill, and that this was misconduct which would warrant the granting of a new trial. When counsel made this statement it was objected to, and the court told the jury, in substance,

that they should not consider statements of counsel unless the same were supported by the evidence. We think this was not such misconduct of counsel as would warrant the granting of a new trial. We are also satisfied that the judgment as finally rendered is not excessive.

The judgment is therefore affirmed.

MORRIS, C. J., FULLERTON, ELLIS, and CHADWICK, JJ., concur.