[No. 13431.    Department Two.    August 16, 1916.]

## ORA O. FORSYTH, *Respondent*, v. J. B. WALLACE *et al.*, *Appellants.*[1]

DAMAGES—EVIDENCE—ADMISSIBILITY. In an action for damages for permanent physical disabilities, proof of plaintiff's industrious habits is admissible.

TRIAL—RECEPTION OF EVIDENCE—OBJECTIONS. In an action for personal injuries, an objection to evidence as irrelevant and immaterial is insufficient to raise the point that the matter was not pleaded.

NEW TRIAL—GROUNDS—NEWLY DISCOVERED EVIDENCE. A new trial for newly discovered evidence is properly refused where diligence was not shown and the new evidence was merely impeaching.

DAMAGES — PERSONAL INJURIES — FUTURE SUFFERING — PLEADING AND PROOF. In an action for personal injuries, recovery is properly allowed for such future pain and suffering as the plaintiff might reasonably be expected to endure in the future, although it was not alleged in the complaint, where the proof shows permanent injuries from which the plaintiff suffers pain up to and at the time of the trial.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered November 5, 1915, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a passenger in a jitney.    Affirmed.

*O. C. Moore* and *Henry S. Noon*, for appellants.
*Don F. Kizer*, for respondent.

BAUSMAN, J.—Forsyth, a passenger in defendant's jitney and knocked senseless by a collision, brought suit for damages based on unconsciousness continuing several days, permanent diminution of hearing, and recurring headaches and dizzi-

[1]Reported in 159 Pac. 696.

ness.   Defendant appeals from a judgment based upon a verdict for plaintiff.

A first error assigned is the court's permitting plaintiff in opening to prove industrious habits.   We decline to exclude this proof under either the reasoning or the rule in *Davis v. Kornman*, 141 Ala. 479, 37 South. 789, or of *Pennsylvania R. Co. v. Books*, 57 Pa. St. 339, 98 Am. Dec. 229. Much sounder appear *Louisville & N. R. Co. v. Daniel*, 122 Ky. 256, 91 S. W. 691, 3 L. R. A. (N. S.) 1190; *Metropolitan St. R. Co. v. Kennedy*, 82 Fed. 158; *Cameron Mill etc. Co. v. Anderson*, 98 Tex. 156, 81 S. W. 282.   There was proof here of future and permanent impairment of physical condition, and nothing is more a part of a man's earning power than industrious habits.   As to their not being alleged in the pleadings, this need not be discussed, since the objection was not upon that ground, but upon a vague, "irrelevant and immaterial."   *Evergreen Farm v. Attalia Land Co.*, 91 Wash. 192, 157 Pac. 487.   A fact perfectly relevant to a cause of action may be omitted by chance from allegations, yet this form of objection would not indicate that reason.

A new trial was asked upon affidavits showing that plaintiff had been convicted of forgery some years before in another county, which fact, had it been put in evidence, would have been of force to impeach his sole narrative on sundry important details, but no good reason was shown why this was not discovered before, and besides it is only impeaching evidence which, even when impeaching the opposing party, we have held insufficient to justify this court in reversing the lower court's denial of new trial.   *Armstrong v. Yakima Hotel Co.*, 75 Wash. 477, 135 Pac. 233; *Orr v. Schwager & Nettleton*, 74 Wash. 631, 34 Pac. 501; *State v. Gaasch*, 56 Wash. 381, 105 Pac. 817.

An instruction on future pain is complained of under circumstances similar to those discussed in *Bankson v. Laflam*, *ante* p. 437, 159 Pac. 369.   To the authorities cited, there may be added *Godley v. Gowen*, 89 Wash. 124, 154 Pac. 141.

The verdict was not excessive, nor do we find other points requiring discussion.

Judgment affirmed.

MORRIS, C. J., MAIN, FULLERTON, and PARKER, JJ., concur.