[No. 14387. Department Two. May 6, 1918.]

LOUIS JONES, *Respondent,* v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, *Appellant.*[1]

MASTER AND SERVANT—INJURY TO SERVANT—PROXIMATE CAUSE—QUESTION FOR JURY. Upon an issue as to whether a servant's fall from a car of logs was due to a sudden jerk of the car, or to his stepping and slipping upon a piece of loose bark, the question is for the jury, where the testimony was conflicting and its credibility was for the jury to decide.

EVIDENCE—EXPERT EVIDENCE—SAFE METHOD OF WORK. An expert witness may testify as to whether it was a safe method of unloading logs to use a Marion loader placed upon a track at the side of and parallel with the track upon which the loaded car was placed.

MASTER AND SERVANT—ASSUMPTION OF RISKS—INSTRUCTIONS. Instructions as to a servant's assumption of risks properly state that it must appear that he knew and appreciated the danger, and that an order to do an act involving peril to himself is an assurance of safety and may be obeyed, unless the danger is so obvious and imminent that no person of ordinary care would encounter it.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered April 18, 1917, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee in loading logs on a car. Affirmed.

[1]Reported in 172 Pac. 810.

*Geo. W. Korte* and *Cullen, Lee & Matthews,* for appellant.

*Robertson & Miller,* for respondent.

MOUNT, J.—Action for personal injuries. Plaintiff recovered a judgment on the verdict of a jury in the court below. The defendant has appealed.

The action was brought under the Federal Employers' liability act. The respondent was employed by the appellant as a car repairer. A carload of saw logs was being transported over the line of the appellant railway. This load of logs had spread so that it became too wide to pass through a subway upon the appellant's line. It became necessary to rearrange the load of logs by drawing in the stakes upon the sides of the car. In order to do this it was necessary to unload a part of the logs. For this purpose the load of logs was stationed upon a side track and what is called a Marion loader was stationed alongside of the car to be unloaded. The respondent was upon the carload of logs, and his duty was to fasten tongs to the logs upon the car so that the Marion loader might lift the logs from the car. While engaged in this work, the respondent fell from the car and was injured.

It was maintained by the respondent that the work was done in an unsafe manner by reason of the fact that the Marion loader was placed upon a track at the side of and parallel with the track upon which the loaded car was placed. It was also maintained that the loaded car should have been blocked so that it could not move and that, by reason of the fact that the loaded car was not blocked when unloading the logs, the Marion loader gave the loaded car a sudden jerk which threw the respondent from the car.

The appellant argues that the court erred in denying a motion for a directed verdict at the close of the re-

spondent's case and at the close of all the evidence, and in denying a motion for a judgment notwithstanding the verdict; and in this connection it is urged that the evidence is insufficient to show any negligence on the part of the appellant or its employees, and that the dangers were open and apparent and were, therefore, assumed by the respondent. The appellant also contends that the cause of the respondent's injury was the fact that he negligently stepped upon a piece of loose bark upon the loaded car, and in so doing fell from the car and was injured thereby. Whether the fall of the respondent was caused by his stepping upon this piece of bark or by the sudden jerking of the car upon which he was engaged in his work was, we think, a question for the jury. The jury was instructed that, if the cause of respondent's fall was his stepping upon a loose piece of bark, there could be no recovery. The jury evidently found that this was not the cause of his fall, but that the cause of his fall was the sudden jerking of the car. We have examined the abstract of the evidence and we find testimony therein to the effect that there was a sudden movement of the car, and that this movement of the car caused the respondent's fall. Of course, this evidence was disputed, but the credibility of it was for the jury to decide; and even though the appellant makes a strong argument to the effect that the real cause of the respondent's fall was his stepping upon the piece of bark, we cannot weigh the evidence upon that question. The weight of the evidence and its credibility were questions for the jury to decide. We are satisfied that there was sufficient evidence upon this question to go to the jury. The court, therefore, did not err in refusing to direct a verdict, or to grant a nonsuit, or to enter judgment in favor of the appellant notwithstanding the verdict.

Appellant next contends that the court erred in permitting an expert witness to answer a question to the effect: "Was it a safe or proper method of unloading logs from the car to place the jammer upon a track alongside of the load of logs and fix the hooks from a cable in the logs and unload them in that manner?" Appellant urges that the jury was competent to judge of the safety and reasonableness of the method. In the case of *Luper v. Henry,* 59 Wash. 33, 109 Pac. 208, we held that it was not error to permit expert testimony upon questions of this character.

Appellant next argues that the court erred in giving the following instruction:

"In order to charge a servant with assumption of risk, it is necessary that it be made to appear that the servant knew and appreciated the danger from which such injury resulted. Where a servant is ordered to do an act involving peril to himself, the order contains an assurance of safety, and the servant has a right to obey the order unless the danger is so open, obvious and imminent that no person of ordinary care and prudence would encounter it."

An instruction substantially to this effect was approved in *Anustasakas v. International Contract Co.,* 57 Wash. 453, 107 Pac. 342.

We find no reversible error in the record, and the judgment is therefore affirmed.

ELLIS, C. J., HOLCOMB, and CHADWICK, JJ., concur.

WEBSTER, J., took no part.