[No. 14307. *En Banc.* May 11, 1918.]

VERNICE HOLT, *by her Guardian etc., Respondent,* v. SCHOOL DISTRICT No. 71, OF KING COUNTY, *Appellant.*[1]

STATUTES — CONSTRUCTION — RETROACTIVE EFFECT. Laws 1917, p. 332, § 1, providing that no action shall be "brought or maintained" against a school district for noncontractual acts or omissions of officers or employees relating to playgrounds owned or operated by the district does not apply to an action which had gone to judgment against the school district prior to the taking effect of the law in June 1917, notwithstanding the pendency of an appeal by the defendant at that time; since the prevailing party is not "maintaining" an action by appearing and resisting the appeal.

SCHOOLS AND SCHOOL DISTRICTS—TORTS—DANGEROUS PLAYGROUNDS —NEGLIGENCE—EVIDENCE—ADMISSIBILITY—EXPERTS. In an action for personal injuries to a child, sustained in a fall from a slide with a perpendicular ladder, instead of an inclined ladder with flat steps, the admission of the opinion evidence of experts to the effect that the latter would have been safer because the center of gravity in climbing the former falls outside the foot of the ladder, is not prejudicial error, where the jury viewed the ladder and would necessarily reach the same conclusion.

SAME. In such an action, it is not error to allow playground experts to testify as to other apparatus used upon playgrounds with inclined ladders and chutes that were less dangerous as slides, and used for the same purpose.

DAMAGES—FUTURE RESULTS—EVIDENCE—OPINION EVIDENCE. In an action for personal injuries to a child that would in the future result in impairment of mental and physical faculties, the evidence of experts as to injuries that would result with "reasonable probability," is not error.

[1]Reported in 173 Pac. 335.

Appeal—Review—Instructions as a Whole.  Where the instructions as a whole necessarily conveyed the idea that the plaintiff could not recover for injuries which were not the result of defendant's negligence, it is not prejudicial error to refuse to instruct that defendant's negligence must have been the proximate cause of the injury, or to define proximate cause.

Schools and School Districts—Dangerous Playground Apparatus—Negligence—Evidence—Question for Jury.  Negligence in the maintenance of a playground slide, with a perpendicular ladder, when an inclined ladder with flat steps, or some other kind of chute for slides, would have been safer, is a question for the jury, where a child nine years of age was seriously injured in a fall while attempting to make use of it.

Appeal from a judgment of the superior court for King county, Ronald, J., entered January 12, 1917, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pupil through falling from a playground apparatus.  Affirmed.

*Alfred H. Lundin, Edwin C. Ewing,* and *S. M. Brackett,* for appellant.

*Arthur H. Hutchinson* and *James B. Murphy,* for respondent.

Parker, J.—The plaintiff, Vernice Holt, by her guardian *ad litem,* seeks recovery of damages for personal injuries claimed to have been suffered by her from the negligent maintenance of playground apparatus by the defendant school district.  Trial in the superior court for King county sitting with a jury resulted in verdict and judgment in favor of the plaintiff, from which the defendant has appealed to this court.

At the time respondent was injured, she was nine years old.  She was then attending the school of appellant.  In its schoolhouse yard, appellant then maintained a playground apparatus which, in so far as our

present inquiry is concerned, may be described as follows: The main frame of the structure consisted of two upright posts, 6x6 inches, set in the ground, with another piece, 6x6, resting horizontally on top of and flush with the sides of the posts. The top of the horizontal piece was approximately fourteen feet from the ground. Running up the side of one of the posts was a perpendicular ladder directly under the top piece, with rungs made of iron pipes, approximately one and one-fourth inches in diameter and twelve inches apart. The rungs were inserted, one end in the post and one end in a 2x4 piece which was parallel with and eighteen inches from the post, reaching from the ground to the under side of the top piece. The rungs were set in from the front of the 6x6 posts and the 2x4 about one and one-half inches, so that one climbing up the ladder would find the top piece projecting over the rungs about that distance. Attached to the side of the main frame, back of and opposite the ladder, there were two parallel iron pipes, approximately three inches in diameter and seventeen inches apart, running from the top to the ground on an incline. There were bent iron pipes forming a sort of banisters, projecting above the top in line with the sides of the ladder, to which one could hold while sitting or standing on the top above the ladder. The use intended to be made, and which was made, of this apparatus by the children, was in climbing up the ladder, over the top between the banisters, and sliding down the iron pipes, resting their legs and arms on the pipes. This apparatus was freely accessible to respondent and other children of her age, and the jury might well conclude was intended for their use as well as for the use of older children. On the morning in question, a short time before the commencement of the school session for the day, respondent, while unattended by any one other than her

young playmates, climbed up the ladder with a view to sliding down the inclined iron pipes on the opposite side. When at or near the top, she fell to the ground, fracturing her skull and being otherwise seriously injured, the exact nature and extent of which injuries need not be noticed here. The testimony is in conflict as to whether when she fell she had reached the top of the ladder, as to whether she was endeavoring to reach and climb over the top piece, and as to whether she had climbed over the top and was starting to slide down the inclined pipes; but that she fell from a height of at least ten or twelve feet seems certain. The negligence charged against appellant is, in substance, that the apparatus was inherently dangerous to children of the age of respondent, and that appellant negligently maintained the apparatus on its school grounds accessible to respondent and children of similar tender years and experience, and also that it was negligent in permitting respondent to use the apparatus.

The first and principal contention here made in appellant's behalf is that chapter 92, Laws of 1917, p. 332, now renders appellant free from all liability to respondent, regardless of the time she was injured and regardless of when the judgment in this action was rendered in her favor in the superior court. She was injured, as above described, on March 31, 1916. Judgment was rendered in her favor awarding her damages against appellant in this case on January 12, 1917. The act of 1917, relied upon by appellant as absolving it from liability to respondent, was not passed until March, 1917. Soon thereafter this appeal was taken from the judgment of the superior court. Our recent decision in *Bruenn v. North Yakima School District No. 7*, 101 Wash. 374, 172 Pac. 569, wherein this exact question was reviewed at length, is decisive as against

this contention of appellant. We deem it unnecessary to again review the question here.

It is contended in appellant's behalf that the court erred to its prejudice in admitting in evidence certain opinion testimony of two witnesses who were familiar with playground apparatus generally, and especially of apparatus of this nature. The argument is directed particularly to expressions of opinion by the witnesses as to why this particular ladder was dangerous for small children to play upon. They testified in substance that, in climbing a perpendicular ladder, the center of gravity of the child would fall outside the foot of the ladder, rendering the danger greater than when climbing an inclined ladder; and that flat steps on an inclined ladder were safer for a child than round rungs. Counsel for appellant invoke the general rule that opinion testimony stating a conclusion of the witness upon a question which is for the jury to decide is not admissible, except in particular instances where the witness possesses special knowledge of the subject-matter about which he is testifying, and such subject-matter is one of special knowledge as distinguished from common knowledge. It is argued that the question of the danger in climbing up a perpendicular ladder, as affected by the falling of the center of gravity of the climber outside of the foot of the ladder, is one of such common knowledge that a witness should not be permitted to express an opinion that a child in such a situation would be in greater danger than if it were climbing up an inclined ladder. The same argument is made in substance with reference to the opinions of the witnesses touching the comparative danger to a child in climbing an inclined ladder with flat steps instead of round rungs.

We may concede that the admission of this testimony was error, measured by strict rules, but its very

nature, we think, renders it without prejudice to the appellant. The conclusions testified to in the two particulars mentioned are so self-evident that the jury must have viewed them exactly as the witnesses did, regardless of the witnesses' opinions. Every juror knows that, in climbing a perpendicular ladder, the center of gravity of the climber will fall outside of the foot of the ladder, and that the losing of hand or foot hold upon such a ladder is attended with greater danger of falling than when the ladder is inclined, placing the lower part of it under the climber. The witnesses' opinions touching the danger to a child climbing flat steps on an incline as compared with one climbing on round rungs is not materially different in principle, in so far as the conclusion a juror would necessarily reach is concerned. These expressions of opinion by the witnesses were, in principle, much as if the witnesses had given their opinions as to the result of a simple computation of arithmetic, such as that two and two make four; or had stated any other conclusion from known or assumed facts which the jury must themselves have necessarily reached, regardless of the witnesses' opinions. There is an abundance of authorities sustaining the view that, while such conclusions are not properly admissible as opinion evidence, their admission in evidence is not prejudicial. 4 C. J. 997; 17 Cyc. 60. The decision of this court in *Keating v. Pacific Steam Whaling Co.*, 21 Wash. 415, 58 Pac. 224, is in harmony with this view.

Counsel for appellant cite our decisions in *Curtis v. Barber Asphalt Paving Co.*, 44 Wash. 334, 87 Pac. 345; *Hogg v. Standard Lumber Co.*, 52 Wash. 8, 100 Pac. 151, and *Christensen v. Hawley*, 61 Wash. 14, 111 Pac. 1061, as opposed to this conclusion. In the *Curtis* case, "in substance the inquiry was whether, in the opinion of the witness, the respondent would be guilty

of contributory negligence under a given statement of
facts." Manifestly that was one of the main questions
for the jury to decide, and, besides, was not a question
as to which all reasonable minds would, under the facts
of that case, necessarily reach the same conclusion.
The same may be said of the *Hogg* case. In the *Christensen* case, the opinion evidence there held to be inadmissible stated a conclusion almost as self-evident
as the one here involved, but a reading of that decision
as a whole suggests great probability that the court
would not have reversed the judgment for that error
alone. It was noticed evidently in view of the new
trial which was directed to be had, there being other
prejudicial error calling for a new trial. We think
that, whatever error there was in the admission of this
opinion evidence, it was not in the least prejudicial to
the rights of the appellant.

Some contention is made that the trial court erred
in permitting these witnesses, who were familiar with
and experienced in the use of playground apparatus,
to describe other apparatus used upon playgrounds,
with inclined ladders having both flat steps and round
rungs, and having chutes with solid bottoms for inclines down which the children could slide instead of
inclined iron pipes, and of less height. We do not
think the admission of this testimony was prejudicial
error. It did nothing more than show to the jury that
there was other well known playground apparatus,
serving substantially the same purpose as this one
was intended to serve, which were less dangerous than
this one to children of tender years.

It is contended in appellant's behalf that the trial
court erred in admitting testimony of medical experts
consisting of their opinions as to the probable results
of respondent's injury to occur in the future. That
respondent was grievously injured and that such in-

jury was resulting in, and would in the future result in, the impairment of her mental and physical faculties in some measure, was clearly shown by other evidence, if it is to be believed. In so far as we are concerned with this opinion evidence, it touches only the question of the degree of such impairment and enhancement of the amount of damages respondent was entitled to. These witnesses referred to certain specified ailments to respondent which, in their opinion, will result from her injuries with "reasonable probability." The argument is that the opinion of the witnesses must go to the extent of saying that such future ailments would occur with "reasonable certainty," that being the expression most generally found in the authorities as to the measure of proof required to warrant the awarding of damages for future ailments to result from the injuries involved. In *Gallamore v. Olympia,* 34 Wash. 379, 75 Pac. 978, Judge Fullerton, speaking for the court, said:

"The court instructed the jury that, if they found the respondent was entitled to recover, they might take into consideration, in making up their verdict, the probable amount of pain, the probable loss of time, and the probable amount of expense, she would suffer and be subjected to in the future on account of her injuries. It is objected to this that it left the jury to give damages against the appellant for consequences which were contingent, speculative, or merely possible, while the rule is that damages for future pain and suffering, loss of time and the like, can only be given when it is reasonably certain that they will ensue as a result of the injury.

"Undoubtedly, it would be error for the court to allow the jury to award damages for matters purely speculative, or for those conditions not supported by a preponderance of the evidence, but we think the instruction complained of is far from doing this. The word probable is defined in Webster's International

15—102 WASH.

Dictionary, as 'Having more evidence for than against; supported by evidence which inclines the mind to believe, but leaves some room for doubt; likely'; and in common acceptation the word implies, when applied to a condition which may be supposed beforehand, that we know facts enough about the condition supposed to make us reasonably confident of it; or, at the least, that the evidence preponderates in its favor.  In civil actions it is a general rule, to which there are but few exceptions, that the jury may find according to the preponderance of the evidence.  We know of no reason why an exception should be made in this instance, and we do not think the courts applying the term 'reasonably certain' to supposed future conditions meant any more than this, but that each of them would have approved an instruction to the effect that the jury might return damages for future pain and suffering if they found, by a preponderance of the evidence, that such pain and suffering would ensue.''

The numerous authorities there cited and reviewed lend strong support to this view of the law.  Counsel for appellant cite and rely on our decisions in *Bennett v. Oregon-Washington R. & Nav. Co.*, 83 Wash. 64, 145 Pac. 62; *Gifford v. Washington Water Power Co.*, 85 Wash. 341, 148 Pac. 11, and *Godley v. Gowen*, 89 Wash. 124, 154 Pac. 141.  In the *Bennett* case, it was said that, ''a person is entitled to recover for future pain and suffering only when the jury can find from the evidence that future pain and suffering are reasonably certain.''  However, there was nothing said in that decision indicating that the court viewed ''reasonable probability'' as differing materially from ''reasonable certainty.''  The same may be said of the *Gifford* case.  In the *Godley* case, it was said:

''This court has held in a number of cases that an instruction is erroneous where the jury are directed that they may find damages for future pain and suffering which would *probably* occur in the future. *Bennett v. Oregon-Washington R. & Nav. Co.*, 83 Wash.

64, 145 Pac. 62. The court in this case did not so instruct the jury, but instructed that they might find for future pain and suffering which the evidence showed the plaintiff would be subjected to. We think this is a correct instruction, and therefore not erroneous. In the *Bennett* case, *supra*, we held, that where there is evidence that the plaintiff will be subjected to future pain and suffering, he is entitled to recover therefor. It is where there is a mere *probability* that the plaintiff will suffer that the instruction is erroneous.''

It seems to us, reading this quotation as a whole, it cannot be said to be an overruling of the holding in the *Gallamore* case. We think there was no error committed in receiving this opinion testimony.

It is contended in appellant's behalf that the trial court erred in refusing to instruct the jury that the negligence of the defendant must have been the proximate cause of the plaintiff's injury. It is true that the court did not use the words "proximate cause" or define those words, as counsel for appellant insists it should have done in its instructions. We think it is sufficient answer to this contention to say that we are quite convinced that a reading of the court's instructions as a whole necessarily conveyed to the jury the thought that they could not award to respondent recovery for any injuries which were not the result of appellant's negligence. Counsel seem to argue that the case was submitted to the jury under such conditions that they might get the impression that respondent should be awarded damages for appellant's negligence regardless of whether or not such negligence was the cause of her injuries. We are clearly of the opinion that the instructions did not convey to the jury any such thought, but plainly indicated to the contrary.

It is contended in appellant's behalf that the court erred in not sustaining its counsel's challenge to the

sufficiency of the evidence to warrant any recovery by respondent, which challenge was made by timely and appropriate motions at the conclusion of the trial. A careful review of the evidence, all of which we have read as furnished us in the abstracts prepared by counsel, leads us to the conclusion that this contention is not well founded. The tender age of respondent, the nature of the play apparatus, its height, its perpendicular ladder, the manner in which it was intended to be used and in which it was permitted to be used by respondent, and the manner in which she was injured while playing thereon, we think, leaves little room for arguing that the case was not one for the jury to decide. Nor do we think there is any merit in the contention that the verdict was excessive as to the amount.

Some other errors are claimed in appellant's behalf, but we think they are clearly not such as to call for reversal of the judgment.

The judgment is affirmed.

ELLIS, C. J., FULLERTON, WEBSTER, MAIN, CHADWICK, and HOLCOMB, JJ., concur.