[No. 12030. Department One. December 29, 1914.]

CHARLES BENNETT, *Respondent*, v. OREGON-WASHINGTON RAILROAD & NAVIGATION COMPANY *et al.*, *Appellants*.[1]

DAMAGES—PERSONAL INJURIES—MENTAL ANGUISH—INSTRUCTIONS. In an action for personal injuries from a blow on the head, resulting in pain, nervousness, and headaches, it is not proper to instruct, upon the subject of damages, that the jury may take into consideration the probable suffering of mental anguish in the future, where there was no evidence tending to show mental anguish other than pain and suffering actually incident to such an injury.

SAME — PROBABLE FUTURE SUFFERING — REASONABLE CERTAINTY. Damages for future pain and suffering should only be granted when the jury can find from a preponderance of the evidence that future pain and suffering is reasonably certain to result from the injuries and continue in the future.

Appeal from a judgment of the superior court for Lewis county, Wright, J., entered November 13, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a passenger in a train wreck. Reversed.

*Bogle, Graves, Merritt & Bogle, George T. Reid,* and *J. W. Quick,* for appellants.

*Govnor Teats, Leo Teats,* and *Ralph Teats,* for respondent.

[1]Reported in 145 Pac. 62.

CHADWICK, J.—Plaintiff was a passenger upon a passenger train, operated by the Oregon-Washington Railroad & Navigation Company over the tracks of the Northern Pacific Railway Company. Plaintiff had been riding in the day coach. He went forward into the smoker, and while standing in the car with his hands upon the back of a seat, the train was wrecked. The car in which he was riding left the track. The forward car smashed in the front end of the smoker, and plaintiff was struck upon the head by the end of the car or wreckage. He suffered a scalp wound. Defendants admit liability. The case was submitted to the jury for a determination of the amount of damages sustained by the plaintiff.

It appears that, prior to the injury, plaintiff was a strong, robust man; that, immediately after the injury, he rode in an automobile to the hospital in Tacoma, where his wounds were dressed. He then went to a hotel, where he was called upon three or four times by the physician who had cared for him at the hospital. He then went to Georgetown where his wife's daughter lived, and after about a week, he returned to his home at Dryad, Washington, where he is engaged in the barber business. The testimony tends to show that he was rendered weak and nervous by reason of the accident; that he was unable to attend to his business for about a month or six weeks. From that time on, he has carried on his trade himself. He says that he is still nervous and suffers from headaches. The case went to trial, resulting in a verdict for plaintiff in the sum of $1,500.

Error is assigned in that the court instructed the jury as follows:

"If you find for the plaintiff, you will allow him such sum as you find from the evidence will reasonably and fairly compensate him for the injuries received. In arriving at this amount, you should take his business into consideration, and the time, if any, he lost by not being able to work at his business through injuries received by him in the wreck. You

should take into consideration suffering, pain and mental anguish, if any, which he has undergone by reason of the injury; *and if you find from the evidence that he will probably suffer pain and mental anguish in the future from such cause, then you should consider such probably future suffering also in making up your verdict.*

*"From all of these considerations, you should decide upon such sum as in your judgment will fairly and reasonably compensate him for such injuries as you find he has received.*

"It is not an easy matter to fix the amount which should be allowed in cases of this character, particularly for pain and mental suffering, if any, but you should bring to bear your own judgment, and, if you find for the plaintiff, assess such damages as you consider reasonable."

We have italicized those parts of the instruction which are objected to.

If there be evidence of a state of facts from which a jury might find mental anguish, or an injury is disclosed that would shock the senses of fair minded men, or invite the unfeeling to ridicule, it would be proper for a court to submit, as an element of the damages sustained, the mental anguish of the injured person; but where, as in this case, there is no evidence tending to show any mental anguish or anything other than the pain and suffering naturally incident to an injury like the one complained of, it is improper to instruct upon that element for it can only lead the jury into the realm of speculation, with the possibility of penalizing the negligent party, whereas compensation for the injured one is the sole object of the law.

This court has discussed this phase of the law in the following cases: *Gray v. Washington Water Power Co.,* 30 Wash. 665, 71 Pac. 206; *Davis v. Tacoma R. & Power Co.,* 35 Wash. 203, 77 Pac. 209, 66 L. R. A. 802; *Cole v. Seattle, Renton etc. R. Co.,* 42 Wash. 462, 85 Pac. 3; *Nelson v. Western Steel Corporation,* 61 Wash. 672, 112 Pac. 924. While these cases all sustain a recovery for mental anguish, they are likewise authority to the point that a recovery cannot be had upon that theory unless there is some evidence or a con-

dition is revealed that would warrant the court in submitting it to the jury. As we have said, there is nothing in the testimony in this case to show that respondent has lost, or will lose, the comfort and companionship of other people, be an object of pity, or abhorrence, or ridicule, or otherwise be put under future mental anguish because of his injury.

Without discussing the remaining assignment, but granting, without deciding, that the direction to the jury: if "you find from the evidence that he will probably suffer pain and mental anguish in the future from such cause, then you should consider such probable future suffering also in making up your verdict," is a proper statement of the law, we would suggest that an instruction falling within the rule announced in *Hindle v. Holcomb*, 34 Wash. 336, 75 Pac. 873, and *Ongaro v. Twohy*, 49 Wash. 93, 94 Pac. 916, that is, that a person is entitled to recover for future pain and suffering only when the jury can find from the evidence that future pain and suffering is reasonably certain to result from the injuries and continue into the future, is more proper and should be followed in the event of a retrial. It is not for the jury to speculate upon the likelihood or probability of such future pain and suffering; it must be convinced, from a fair consideration of the evidence, that it is reasonably certain that it will be so.

For the reasons assigned, this case is reversed and remanded for a new trial.

CROW, C. J., GOSE, PARKER, and MORRIS, JJ., concur.