[No. 13479. Department Two. August 7, 1916.]

E. BANKSON, *Respondent*, v. JOSEPH LAFLAM *et al.*, *Appellants*.[1]

ACTIONS — JOINDER — PRINCIPAL AND SURETY. Under Rem. 1915 Code, § 5562-37, making the surety upon a jitney bond jointly and directly liable with the principal to the extent of the penal sum, for personal injuries inflicted, the principal and surety may be joined in one action, though the limit of the bond is prayed against the surety and more against the principal.

DAMAGES—PERSONAL INJURIES—FUTURE SUFFERING—PLEADING AND PROOF. In an action for personal injuries, recovery is properly allowed for such future pain and suffering as the plaintiff might reasonably be expected to endure in the future, although it was not alleged in the complaint, where the proof shows permanent injuries from which the plaintiff suffers pain up to and at the time of the trial.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered January 28, 1916, upon the verdict of a jury rendered in favor of the plaintiff, in an action upon a jitney bond, for personal injuries sustained by a pedestrian at a street crossing. Affirmed.

*O. C. Moore* and *Henry S. Noon*, for appellants.

*Plummer & Lavin*, for respondent.

[1]Reported in 159 Pac. 369.

Bausman, J.—Plaintiff in crossing a street was struck by Laflam's jitney, for the safe operation of which the defendant casualty company had become surety under Laws 1915, page 227 (Rem. 1915 Code, § 5562-37). By that act a surety becomes jointly and directly liable with the principal to the extent of the penal sum, and only one cause of action was stated here when the two were sued jointly though the limit of the bond was prayed for against the surety and more from the principal. A motion for separation of causes of action was ill taken.

A verdict being rendered for plaintiff, an error is assigned in the court's instructing the jury that they might include damages for such pain and suffering as under the evidence plaintiff might be reasonably expected to endure in the future.

Future pain or suffering is not an allegation of the complaint, which, however, states such shocking, spraining, straining, and tearing of cords, tendons, nerves, and muscles in a leg as causes extreme pain and suffering and permanently cripples plaintiff. The proof relates a continuous suffering since the accident aggravated whenever plaintiff puts any weight upon his leg, besides constant experiencing of pain and a probability that at plaintiff's age of fifty-nine the limb will never heal and be as strong as before. Conceding all this, appellants contend that it does not make future pain recoverable, relying upon *Bennett v. Oregon-Washington R. & Nav. Co.*, 83 Wash. 64, 145 Pac. 62. That is a case in which is involved not future pain and suffering but future mental anguish, the latter a distinctly different element though at times, to be sure, coming out of the former. The law presumes a continuance of what exists, and it is neither surprise to the opposite party nor unreasonable from any point of view to say that when a man exhibiting a permanent injury testifies also to his having pain up to the very time he is talking to the jury, there may be a continu-

ance of it for some time in the future, so no express proof upon that is necessary. *Passage v. Stimson Mill Co.*, 52 Wash. 661, 670, 101 Pac. 239. In the *Bennett* case mental anguish was not an existing condition, the court carefully noting the fact that "there is no evidence tending to show any mental anguish or anything other than the pain and suffering naturally incident to an injury like the one complained of." That was what the *Bennett* case turned upon. As to pain or suffering, that the court did not exclude as a future element, permitting it on the contrary "when the jury can find from a preponderance of the evidence that future pain and suffering is reasonably certain to result," which language we deem conformed to here in "reasonably expected." *Harris v. Brown's Bay Logging Co.*, 57 Wash. 8, 106 Pac. 152, explaining *Ongaro v. Twohy*, 49 Wash. 93, 94 Pac. 916.

We find no other points requiring discussion, and the judgment is affirmed.

MORRIS, C. J., MAIN, PARKER, and FULLERTON, JJ., concur.