[No. 15990. Department One. May 14, 1921.]

## JESSE C. VAN LIEW et al., Respondents, v. SETH A. ATWOOD et al., Appellants.[1]

DAMAGES (99)—PLEADING—IMPAIRMENT OF EARNING CAPACITY. In an action by husband and wife for personal injuries to the wife, in which there was evidence that the wife had been incapacitated for the performance of domestic duties, but no claim therefor was made in the complaint, nor any proof of the pecuniary loss suffered by reason of inability to perform such services, it was error for the court to instruct the jury to take into consideration to what extent the wife's capacity to perform domestic services had been impaired as a result of the injury.

TRIAL (92)—INSTRUCTIONS—ABSTRACT INSTRUCTIONS. An instruction to the jury upon a matter not in issue under the pleadings, but upon which there was evidence, cannot be regarded as harmless error on the theory of being in the nature of an abstract instruction.

TRIAL (117)—INSTRUCTIONS—CURED BY WITHDRAWAL OR OTHER INSTRUCTIONS. In an action for personal injuries to a wife, in which there was no evidence of the pecuniary value of the loss of the wife's domestic services, an erroneous instruction by the court to allow for such loss was not rendered harmless by the court's remission of $1,000 from the jury's verdict for "permanent injuries" and allowing the verdict on "sustained injuries" in $3,000 to stand, where it was impossible to determine under which head the jury placed the loss of domestic services.

HOLCOMB, J., dissents.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered March 19, 1920, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Reversed.

*Newman, Howard & Kindall,* for appellants.
*Sather & Livesey,* for respondents.

FULLERTON, J.—An automobile, driven by the appellant Mary Atwood, collided with an automobile owned and driven by one Charles Van Liew, in which the re-

[1] Reported in 197 Pac. 921.

spondents Van Liew were riding. As a result of the
collision, the Van Liew automobile was overturned,
and the respondent Flora E. Van Liew somewhat se-
verely injured. This action was instituted by the re-
spondents against the appellants to recover in dam-
ages for the injuries suffered by Flora E. Van Liew.
In the complaint it is alleged that the collision caused

". . . the plaintiff, Flora E. Van Liew, herein to
be struck, jarred, pinched, and injured in said machine·
in the following particulars; that she did at said time
receive a fracture of the left collar bone, and a severe
wrenching and bruising of the left side and back of
her body, and did likewise receive therefrom a severe
nervous shock, said injuries causing her to be confined
at one of the local hospitals where she remained for a
period of approximately two weeks and was then and
thereafter taken to her home where she has since been
and now is confined to her bed because of said injuries;
that said nervous condition and injuries to the left side
of plaintiff, Flora E. Van Liew, will be permanent, all
to her damage as follows: doctor bill, $75; hospital bill,
$49; pain and suffering, $3,000; and permanent injury
resulting from said injuries from which she will not
recover, $5,000."

The prayer of the complaint is as follows:

"Wherefore, plaintiffs pray judgment against the
defendants, Seth A. Atwood and Mary Atwood, and the
community composed of them in the principal sum of
$75 for and on account of doctor bills, and in the fur-
ther sum of $49 for and on account of hospital expenses
and in the further sum of $3,000 for and on account of
pain and suffering sustained by plaintiff, Flora E. Van
Liew, and in the further sum of $5,000 on account of
permanent injuries to result from said accident and
plaintiffs further pray for all further and proper re-
lief."

The appellants took issue on the allegations of the
complaint by denials, and by an affirmative plea of con-

tributory negligence. At the trial, which was had before the court sitting with a jury, the court gave, among others, the following instructions:

"If you find from the evidence, by a fair preponderance of the same, that the plaintiffs are entitled to recover in this case for the personal injuries sustained by the plaintiff Flora E. Van Liew, if any, then in estimating the damages you may take into consideration the nature and extent of the bodily injuries, if any, that the plaintiff, Flora E. Van Liew, sustained, . . . her capacity to perform domestic services in the family, if any, at the time of the alleged injuries, and the extent, if any, to which such capacity to perform domestic services has been impaired as the result of the injury . . . and in such case allow the plaintiffs damages in such sum as in the exercise of sound discretion you may believe from all the facts and circumstances in evidence in this case will be a fair and just compensation to them for the injuries sustained, not exceeding, however, the sum of $75 for doctor's bill, $39.85 for hospital bill, $3,000 for pain and suffering, and $5,000 for permanent injuries."

The jury returned the following verdict:

"We, the jury in the above entitled cause, duly empaneled and sworn, do find for the plaintiffs and against the defendant Mary Atwood and against the community composed of the defendants Seth A. Atwood and Mary Atwood, and assess the plaintiff's damages in the sum of $4,114.85 dollars.

W. H. Kirkman, Foreman.

Doctor Bill ............................... $   75.00
Hospital Bill ............................. $   39.85
Sustained Injuries ....................... $3000.00
Permanent Injuries ...................... $1000.00"

On motion for a new trial, the court gave the respondents the option of remitting the amount awarded by the jury for permanent injuries or of submitting to another trial. They elected to remit, and judgment was subsequently entered for $3,114.85 and costs.

As will appear from the quotation we have made from the complaint, there was no claim for damages based on loss of capacity on the part of the injured respondent to perform domestic services in the family. Nor was the evidence any broader than the allegations. While it does appear incidentally in the proofs that the respondent did prior to her injury perform domestic services, and it is of course inferable from the very nature of the injuries suffered that her ability in this respect would be for a time lost entirely and for a longer time much impaired, there was no proof of any character tending to show what pecuniary loss the community composed of the plaintiffs sustained thereby. This showing was necessary in order to warrant a charge that incapacity to perform domestic services could be considered by the jury as an element of damage when making up their verdict.

It is true that this court has held that, in an action for personal injuries, the injured party is not permitted to state to the jury the amount of the damages he has sustained by reason of the injury, and that it is reversible error for the trial court to permit him so to do. *De Wald v. Ingle*, 31 Wash. 616, 72 Pac. 469, 96 Am. St. 927. But this is because the damages arising from the mere injury are incapable of exact measurement, and any statement of the amount would be but an estimate drawn from facts which it is the exclusive province of the jury to draw. Consequently, the witnesses are held to a description of the nature of the injury, and a statement of the natural and reasonable consequences which have arisen therefrom and which will with reasonable certainty arise therefrom in the future, and it is left for the jury to say what amount of money will serve as compensation. When the claim is for loss of earning capacity, or for loss accruing from inability to perform services, the loss is capable

of more exact measurement. It is not enough in such instances to show the injury and the consequent inability to perform the usual and ordinary service which the injured party was accustomed to perform; there must be further evidence tending to show the pecuniary loss thereby sustained. In other words, if the appellants, by reason of the injury to the wife, lost the value of services which she was capable of performing and was accustomed to perform, they were entitled to recover according to its pecuniary value, and this value is not shown by merely showing the injury and the consequent inability to perform the customary services. It follows therefore that the court was in error in giving to the jury the instruction quoted.

It is contended by the respondents, however, that the instruction, if erroneous, could in no sense be prejudicial. It is argued that, since the complaint made no claim for loss of services and since the evidence was insufficient to show such a loss, the instruction was in the nature of an abstract instruction, and that

"Prejudicial error may not be predicated on instructions that do not fit the facts of the particular case where other proper instructions were given so that the law of the case was before the jury."

But without denying the rule invoked, we cannot think it has applicability. While indeed there was no issue framed on the particular question, there was, as we have shown, evidence of loss of service, insufficient to sustain a recovery thereon only because nothing was shown by which value of the service could be ascertained. Since, therefore, the court assumed in its instructions that there was such an issue, and instructed that the jury could consider the evidence when making up their verdict, there can be no certain conclusion that the jury did not include in their verdict damages on account thereof. If presumptions may be

indulged in, we think it more probable that the jury gave heed to the instruction than that they disregarded it; that they would conclude from the very fact that there was evidence of loss of service and that they were instructed that loss of service was an element of damage, that they were permitted to make an award upon the general evidence before them on the question.

Again, it is contended that any error committed in submitting the question to the jury was rendered harmless by the remission the court required the respondents to make from the verdict. The jury, it will be observed, segregated their verdict, finding a certain sum for "sustained injuries," and a certain sum for "permanent injuries." It is argued, if we have correctly gathered the contention, that loss of service of the injured party is a permanent injury rather than a sustained injury, and hence was eliminated by the elimination of the amount returned for permanent injuries. But just what the jury had in mind in making this distinction can only be conjectured. It is probable, since they concluded that the injuries to the respondent were permanent in their nature, that they allowed something in their verdict under that head for loss of services during her expectancy of life. But it is equally probable, since they must have concluded that the respondents had already suffered a loss in this respect, that they included something therefor under the head of sustained injuries. But as to these matters no one can know, hence it is not possible to say that the appellants suffered no injury thereby.

Our conclusion on the question discussed renders it unnecessary to discuss the remaining assignments of error. The judgment is reversed and a new trial awarded.

PARKER, C. J., MACKINTOSH, and BRIDGES, JJ., concur.

HOLCOMB, J., dissents.