[No. 16779. Department One. March 23, 1922.]

GERTRUDE ESTES *et al.*, *Respondents*, v. FRANK W. BABCOCK *et al.*, *Appellants.*[1]

CARRIERS (78-3, 78-6)—STREET RAILWAYS (13, 16)—COLLISIONS WITH VEHICLES—SPEED—NEGLIGENCE. In a passenger's action against the operators of a bus and a city, for injuries sustained in a collision between the bus and a city street car, the negligence of the defendants is for the jury where the evidence on the question of excessive speed and failure to give warning signals was conflicting.

MUNICIPAL CORPORATIONS (380)—USE OF STREETS—ORDINANCES. An ordinance providing that no person shall operate a vehicle in any other than a careful and prudent manner, . . . nor so as to collide with another vehicle, when considered as a whole, is reasonable and not void for uncertainty.

DAMAGES (124) — TRIAL (93) — INSTRUCTIONS — APPLICABILITY—MENTAL ANGUISH. In an action for personal injuries, it is error to give an instruction allowing damages for mental anguish where there was no evidence that plaintiff suffered mental anguish other than the pain and incapacity naturally incident to the injuries complained of.

EVIDENCE (214)—EXPERTS—FACTS FORMING BASIS OF OPINION. A patient's statements to a physician testifying as an expert, are admissible to determine the weight to be given to the physician's opinion, but not as evidence to prove the actual condition of the patient at the time.

Appeal from a judgment of the superior court for King county, Jurey, J., entered January 8, 1921, upon the verdict of a jury rendered in favor of the plaintiffs,

[1]Reported in 205 Pac. 12.

in an action for personal injuries sustained by passengers in an auto bus struck by a street car. Reversed.

*Carkeek, McDonald, Harris & Coryell* and *Stanley J. Padden,* for appellants Babcock and Ryan.

*Walter F. Meier* and *Nelson T. Hartson,* for appellant City of Seattle.

*Ryan & Desmond,* for respondents.

TOLMAN, J.—On October 31, 1919, respondents were passengers in a free automobile bus operated by appellants Babcock & Ryan, on their way from the Union Station to the Hotel Arlington, in the city of Seattle. The hotel is, or was, situated on the west side of First avenue, about eighty feet south of its intersection with University street. The bus on which respondents were riding, in order to reach the hotel, proceeded northerly up the east side of First avenue past the hotel, and when the proper point in the street intersection was reached, the driver started to make the turn across the double line of street car tracks, occupying the center of First avenue, so as to continue his course to the hotel entrance. When the turn had been partially completed and the bus was headed well towards the south, though still on the westerly car track, a street car approaching from the north struck the rear of the bus, the force of the impact throwing Mrs. Estes from her seat and causing the injuries of which she complains. The action was tried to a jury, which found a verdict against all of the defendants for $3,000, and from a judgment on the verdict, they have appealed.

The complaint charges negligence on the part of appellants Babcock & Ryan in the following particulars: (1) that the bus was driven at an excessive and unlawful rate of speed; (2) that the attempt to

turn the bus was made between street intersections instead of at an intersection (but no evidence was offered in support of this allegation); (3) that the driver failed to sound a warning signal before attempting to turn; and (4) that he so operated the bus as to cause it to collide with the street car in violation of the terms of the traffic ordinance.

The city is alleged to have been negligent in, (1) operating the street car at an unlawful rate of speed; (2) employing an incompetent operator; (3) that the instrumentalities intended to control the speed of, and stop the car, were defective; and (4) that the motorman failed to sound any warning signal of his approach, or check the speed of the car when the danger of a collision became apparent.

Appellants appeared both below and here by different counsel; and on behalf of appellants Babcock & Ryan, it is urged that their challenge to the sufficiency of the evidence should have been sustained; but, as we read the record, there was some evidence in the case from which the jury could find a verdict against either or both of the appellants. Upon the question of excessive speed and the giving of warning signals, for instance, the evidence was conflicting and these were questions therefore for the jury.

It is next urged that the trial court erred in admitting in evidence § 60 of Ordinance No. 39,720, and in instructing the jury thereon, because it is contended that that part of the ordinance referred to is void for uncertainty. The ordinance reads:

"No person shall ride or drive any horse, nor drive or operate any vehicle in any other than a careful and prudent manner, nor at a greater speed than is reasonable or proper, having due regard to the traffic and use of the street by others; nor so as to endanger the life, limb or property of any person, nor so as to col-

lide with any animal or vehicle or street car or strike against any person or property."

and the court instructed thereon as follows:

"It is the positive law of this state that no person driving or operating any vehicle shall drive or operate the same in any other than a careful and prudent manner, nor at any greater speed than is reasonable or proper, having due regard to the traffic and use of the street by others, or so as to endanger the life and limb of any person, nor so as to collide with any animal or vehicle or street car or strike against any person or property."

It is contended that, under this ordinance and this instruction, the jury might find one of the parties to this action to be wholly without blame, and yet feel bound to bring in a verdict against him. While the language of the latter part of the section is open to criticism, yet we think its meaning so apparent that none can be misled, and when read as a whole it cannot be considered to mean other than that one must drive or operate his vehicle in a careful and prudent manner and so as not *to cause* it to collide with or strike against any other object. When so read, its provisions are certain, reasonable, provide a proper standard, and are capable of being enforced.

Error is assigned upon the instruction which permitted the jury to assess damages for mental anguish. We find nothing in the record which justifies such an instruction, and no evidence that Mrs. Estes suffered any mental anguish or anything other than the pain and incapacity naturally incident to such injuries as she complains of. We are satisfied with the rule laid down in *Bennett v. Oregon-Washington R. & Nav. Co.*, 83 Wash. 64, 145 Pac. 62, and hence must hold that the learned trial court was in error in giving this instruction.

It is further urged that the court erred in permitting a physician, called as an expert witness, to testify as to statements made to him by Mrs. Estes regarding her condition, upon which he based his opinion. Such evidence is admissible for the purpose of affording the jury some means of determining the weight to be given to the opinion of the physician, but not as evidence tending to prove the actual condition of the patient at the time. This, we think, is the general rule. *Barber v. Merriam,* 11 Allen 322; *Shenandoah Valley Loan & Trust Co. v. Murray,* 120 Va. 563, 91 S. E. 740; *Acme Cement Plaster Co. v. Westman,* 20 Wyo. 143, 122 Pac. 89.

Because of the erroneous submission of the question of mental anguish, the judgment is reversed and the case remanded for a new trial.

PARKER, C. J., FULLERTON, MITCHELL, and BRIDGES, JJ., concur.