[No. 17657.   Department Two.   May 16, 1923.]

T. C. SMELSER, *Respondent,* v. GEORGE H. BARNES *et al.,
Appellants.*[1]

MUNICIPAL CORPORATIONS (379, 390)—USE OF STREETS—NEGLIGENCE
—QUESTION FOR JURY. The negligence of an automobile driver, turn-
ing to the right at a street intersection, is for the jury, where he
made a wide turn instead of keeping to the right-hand side and ran
over a pedestrian near the east curb of the intersecting street, there
being no reason for his going to the wrong side of the street.

SAME (383, 391)—USE OF STREETS—CONTRIBUTORY NEGLIGENCE AT
CROSSING—QUESTION FOR JURY. The contributory negligence of a
pedestrian is for the jury, where he was walking east on the south
side of the street, he looked north and south at the intersection, and
reached the center thereof, and was run over by an automobile ap-
proaching from behind, and turning south in a wide radius on the
wrong side of the street, where plaintiff had no occasion to anticipate
the approach of a car.

APPEAL (456)—HARMLESS ERROR—ADMISSION OF EVIDENCE—ERROR
CURED BY INSTRUCTIONS. Error cannot be assigned on testimony of
injuries not described in the complaint, where no objection was

[1]Reported in 215 Pac. 369.

made at the time and the same was struck out on motion and the jury instructed to disregard it.

APPEAL (460)—HARMLESS ERROR—INSTRUCTIONS.    An instruction authorizing a verdict for all damages sustained "and" for the injuries alleged in the complaint, is not prejudicially misleading when other instructions plainly confined the damages to those proven.

DAMAGES (123, 126)—PERSONAL INJURIES—INSTRUCTIONS—ISSUES NOT SUPPORTED BY EVIDENCE—LOSS OF EARNING POWER.    An instruction on loss of earning capacity authorizing a verdict for "such future loss of wages, if any," as plaintiff sustained, considered as a whole, merely allowed recovery for loss of wages after the filing of the complaint, not alleged in a supplemental complaint.

NEW TRIAL (13½)—GROUNDS—MISCONDUCT OF JURY IN GENERAL. Misconduct of jurors, viewing the scene of an accident, is not shown by an affidavit of an attorney indicating his belief that some or the jurors were attempting to carry out an experiment as to how far persons could see in a certain direction; it not appearing that they separated or were out of hearing, or what any of them said.

Appeal from a judgment of the superior court for King county, Wilson, J., entered June 13, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile.    Affirmed.

*Reynolds, Ballinger & Hutson,* for appellants.

*Geo. B. Cole* and *John Wesley Dolby,* for respondent.

PARKER, J.—The plaintiff, Smelser, seeks recovery of damages for personal injuries claimed to have resulted to him from the negligent operation of an automobile belonging to the community consisting of the defendants Barnes and wife, while being operated in behalf of the community at the crossing of North 41st street and Woodlawn avenue, in the city of Seattle. A trial before the superior court for King county, sitting with a jury, resulted in verdict and judgment awarding to the plaintiff recovery, from which the defendants have appealed to this court.

North 41st street runs east and west.    Woodlawn avenue runs north and south.    Early in the afternoon

of the day in question, respondent, Smelser, walked along the southerly sidewalk of 41st street approaching the avenue, intending to proceed east across and beyond the avenue. At the same time, appellant Barnes' automobile was being driven east along the roadway of 41st street approaching the avenue, somewhat to the rear of respondent; the driver intending to turn south on the avenue. When respondent reached the west curb of the roadway of the avenue, he looked both north and south for the approach of vehicle traffic, and, seeing the roadway of the avenue clear of traffic in those directions, proceeded across the roadway. When he had reached the center line of the roadway of the avenue, or probably somewhat to the east thereof, he became suddenly aware of the approach of appellant's automobile, which was turning south in the intersection of the roadways, and to him apparently pursuing a course such that the automobile would probably strike him if he did not hurry across out of its way. He immediately increased his speed, and in the excitement of the moment probably stumbled, and fell to the ground just before reaching the east curb, where the left front wheel passed over his body, inflicting the injuries for which he received recovery. It may be that he was struck by the automobile and thereby caused to fall; but whether that or his stumbling was the immediate cause of his falling, we think is of no consequence in our present inquiry.

The automobile, in turning south into the avenue, proceeded on a somewhat large radius, bringing it to the west of the center line of the avenue, before crossing the line of the southerly sidewalk of 41st street, well over towards the west side of the roadway. The automobile was being driven rather slowly while turning in the intersection, probably not over five or six

miles per hour, and came to a stop immediately after the left front wheel had passed over respondent's body, with one or both front wheels off the roadway and upon the east parking of the avenue; respondent then lying partly under the automobile between the front and rear left wheels thereof. There does not seem to have been any good reason for the driver of the automobile failing to turn immediately around the southwest corner of the intersection of the roadways, thus avoiding passing to the east side of the roadway of the avenue, which, of course, was the wrong side of the roadway of the avenue for an automobile traveling south. It seems plain to us that the jury were fully warranted in believing, as they evidently did, this state of facts.

It is contended that the trial court erred in overruling motions made in appellants' behalf challenging the sufficiency of the evidence to sustain any recovery by respondent, and in refusing to so decide as a matter of law. The principal argument is, in substance, that the court should have so decided because of respondent's contributory negligence, consisting, it is claimed, of his failing to look for the approach of vehicle traffic after he passed the west curb onto the roadway of the avenue. Respondent's own testimony is not very clear as to just what he did as to looking for the approach of vehicles after he passed onto the roadway of the avenue until he had passed beyond the center line of the roadway. There is some testimony of others that he did not seem to look other than straight ahead during that short period. However, the jury might well have believed that he had no cause to look for the approach of vehicles during that short period because of his looking when passing from the curb onto the roadway, and because he was in fact not injured while he was on the west portion of the roadway; and that,

after he had passed the center line of the roadway, he, would not be required to pay any special attention to vehicles which might come from the north, or to vehicles which might turn south from 41st street into the. avenue; he being then on that portion of the roadway where the vehicle traffic would, properly driven, be approaching from the south. We have seen that respondent was injured by this automobile while it approached him from the north or northwest, a direction from which he had no occasion to suppose that vehicles would be coming on that side of the roadway. We are quite convinced that the trial court did not err. in refusing to take from the jury either the question of appellants' negligence or respondent's contributory negligence.

Contention is made in behalf of appellants that the court erred in refusing to grant them a new trial because of having received in evidence the testimony of Dr. Thompson, accompanied by two ex-ray photographs showing injury to respondent's second and third lumbar vertebrae. It is claimed this evidence was not relevant to the issues because it related to an injury for which damage was not claimed in the complaint. It is somewhat difficult for us to see that this evidence was not relevant to the issues, in view of the allegation of the complaint that "plaintiff's back was wrenched and the muscles and tendons and ligaments thereof torn and strained . . ." However, practically none of this testimony was objected to by counsel for appellants at the time it was introduced, but thereafter a motion that it be stricken was made in appellants' behalf, which motion was by the court granted, the jury plainly instructed to disregard all of Dr. Thompson's testimony and the ex-ray photographs as constituting no part of respondent's case, and the.

trial proceeded without objection on the part of counsel. We think this evidence was not of so pronounced prejudicial character that its admission could not be cured by the instruction given to the jury, upon it being stricken, even if it was erroneously admitted in the first place.

The trial court instructed the jury in part as follows:

"If you find for the plaintiff you will award him such sum as damages as will fairly and justly compensate him for whatever injuries he received as a direct result of the accident, and for the injuries alleged in the complaint, and in determining the amount of damages you will take into consideration the pain and suffering, if any, he has endured in the past, and such pain and suffering as you find from the evidence as is reasonably certain to result in the future, if any, whether or not he has been weakened in health and strength and whether or not his health in general has been impaired, and award him such sums as you believe from all the evidence in the case will compensate him for such injuries, not exceeding the amount alleged in the complaint, towit: $10,000.00. You will also take into consideration whether or not the plaintiff has expended any sums or incurred any obligations for doctor's bills, not exceeding the sum of $71.00, or for hospital bill, not exceeding the sum of $127.00, or for loss of time and wages, if any, not exceeding the sum of $5.00 per day since March 20th, 1921, excepting 16 days plaintiff worked in July, 1921, and for such future loss of wages, if any, you find from the evidence plaintiff may sustain."

It is first complained with reference to this instruction that the first paragraph thereof was confusing and had a tendency to suggest to the minds of the jury that they might find damages to the extent as alleged in the complaint, even though there be no evidence to support all such damages; this because of the conjunction "and" used in that paragraph. The

thought of this paragraph may not be very happily expressed by reason of the use of the conjunction "and," but when it is read in connection with other instructions clearly giving the jury to understand that they can only award damages such as the evidence shows, we think the jurors, as persons of ordinary intelligence, would not get the notion that this instruction authorized them to find all damages alleged in the complaint, whether proven or not.

It is next contended with reference to the other portions of this instruction that it not only submits to the jury the question of the loss of wages by respondent before, but also after the filing of his complaint; without there having been filed a supplemental complaint alleging such loss of wages. We think the fair meaning of the language of the instruction is nothing more that that respondent is entitled to recovery for the loss of his earning power; that is, loss of earning power after the filing of his original complaint, as evidenced by the proven extent and nature of the injury he received. We conclude that the giving of this instruction was not error to the prejudice of the appellants.

Contention is made that there was misconduct on the part of the jury to the prejudice of appellants. It appears that, by consent of counsel on both sides, the jurors were permitted to visit the scene of the accident with a view, as the court instructed them in substance, of acquiring a better understanding of the situation and the evidence that might be given at the trial. One of the attorneys for appellants and one of the attorneys for respondent were present, who saw the jury viewing the scene of the accident. In support of the motion for new trial made in behalf of appellants, an affidavit by one of appellants' attorneys was read, wherein affiant stated what seems to us amounts

to little else than his opinion as to what the alleged misconduct of the jurors consisted of; to wit, in substance, that some of the jurors proceeded a short distance north of the crossing on Woodlawn avenue, and some of them, at the same time, proceeded a short distance west of the crossing on 41st street; and that one party of jurors, looking toward the other, seemed to be attempting to discover as to how far north on Woodlawn avenue and west on 41st street two persons could see each other past a house at the northwest corner of the intersection. It does not appear that the jurors were any of them out of sight of each other, or, for that matter, out of hearing of each other; nor does it apear what they said, as between themselves; nor does it appear that any other person had opportunity to communicate with them during this time. The argument is not directed so much against their possible separation as it is against their doing what, according to the opinion of affiant, amounted to the making of an experiment to prove or disprove certain distances which had been testified to. We are quite clear that the showing of misconduct of the jurors, even if all the affidavit states, aside from the expressed opinion of affiant, be true, falls far short of showing misconduct of the jurors with that degree of certainty that would call for a new trial on account thereof. We also note that whatever misconduct on the part of the jurors affiant (one of appellants' attorneys) saw there, he did not communicate it to the court until after the trial when the motion for a new trial was made.

Some other contentions are made and briefly argued. We think they are so closely untenable as not to call for discussion.

The judgment is affirmed.

MAIN, C. J., FULLERTON, TOLMAN, and PEMBERTON, JJ., concur.