[No. 21537. Department Two. March 11, 1929.]

C. V. ELY, *Respondent*, v. NORTH COAST LINES, *Appellant*.[1]

*Poe, Falknor, Falknor & Emory*, for appellant.
*Ben S. Sawyer*, for respondent.

MAIN, J.—The plaintiff brought this action to recover damages for personal injuries and also damages to an automobile owned by him. The cause was tried

[1]Reported in 275 Pac. 78.

to the court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of $1,175. The defendant moved for judgment notwithstanding the verdict and, in the alternative, for a new trial, both of which were overruled. Judgment was entered upon the verdict, from which the defendant appeals.

The essential facts are these: The accident out of which the litigation arose happened at the intersection of Seventh avenue and Washington street in the city of Olympia, at about 3:45 p. m., December 24, 1926. The respondent was proceeding south on Washington street in an automobile owned and driven by him. A bus, owned by the appellant and operated by one of its employes, was proceeding east on Seventh avenue. As the respondent's automobile crossed the intersection of the two streets mentioned, it was struck on the right rear wheel by the appellant's bus. The automobile was damaged, and the respondent was injured on the right side of his nose, some of the tissue being removed. After the injury, he consulted a physician and did not return to work for a period of nine days. Failure to return to work for this period of time was, in part, due to the condition of the weather at that particular season of the year. The wound healed, but left a scar approximately an inch long.

The only evidence of mental pain or suffering was the following:

"Q. Now, I will ask you what effect that had, if anything, in preventing you from following your work during that time? A. Well, for a few days the pain was very much and I couldn't do anything, and another thing, the weather was very severe and I didn't go to work for fear of catching cold in this."

The doctor who dressed the wound testified:

"Q. Would that cause considerable pain, doctor, a wound of that kind? A. Well, it naturally would cause some pain for a time."

In submitting the case to the jury upon the question of damages for personal injuries, the jury were told that they should consider the disability, if any, that the respondent had suffered since the accident, "any future disability, if you find any to exist", the compensation he had received or was receiving prior to the accident, "and whether or not the injury is likely to be permanent". The jury were also told in this instruction that they should consider any pain and suffering the respondent had endured as a result of the accident, or "that he may have to bear in the future, if any". There was no evidence of future disability, permanency of the injury as affecting the respondent's earning capacity, or of future pain and suffering. These three elements were included in the instruction complained of. The instruction was objectionable because it submitted to the jury issues which there was no evidence to sustain. The giving of it was therefore error. In *Bennett v. Oregon-Wash. R. & Nav. Co.*, 83 Wash. 64, 145 Pac. 62, it is said:

"If there be evidence of a state of facts from which a jury might find mental anguish, or an injury is disclosed that would shock the senses of fair minded men, or invite the unfeeling to ridicule, it would be proper for a court to submit, as an element of the damages sustained, the mental anguish of the injured person; but where, as in this case, there is no evidence tending to show any mental anguish or anything other than the pain and suffering naturally incident to an injury like the one complained of, it is improper to instruct upon that element for it can only lead the jury into the realm of speculation, with the possibility of penalizing the negligent party, whereas compensation for the injured one is the sole object of the law."

In *Estes v. Babcock*, 119 Wash. 270, 205 Pac. 12, it is said:

"Error is assigned upon the instruction which permitted the jury to assess damages for mental anguish.

We find nothing in the record which justifies such an instruction, and no evidence that Mrs. Estes suffered any mental anguish or anything other than the pain and incapacity naturally incident to such injuries as she complains of. We are satisfied with the rule laid down in *Bennett v. Oregon-Washington R. & Nav. Co.*, 83 Wash. 64, 145 Pac. 62, and hence must hold that the learned trial court was in error in giving this instruction."

In *Gosa v. Hyde*, 117 Wash. 672, 202 Pac. 274, it is said:

"In the instruction as to the measure of damages, the trial court included mental suffering as an element to be considered in fixing the compensation, and also hospital bills. There was no allegation of mental suffering in the complaint, and no proof worthy of the name that mental suffering had resulted from the injuries. Nor was there any allegation or proof that hospital bills had been incurred. Could we determine what, if any, allowance for these items, or either of them, is included in the verdict, we might order it reduced to that extent; but there being no way in which we can even approximate what effect these items had in fixing the amount which the jury allowed, we can only return the case for a new trial."

The instruction in this case goes much further than the one complained of in *Jensen v. Schlenz*, 89 Wash. 268, 154 Pac. 159, the giving of which was held not to be error.

The appellant complains of another instruction which it says is based upon the doctrine of last clear chance when there was no place for the application of that doctrine in the case. The instruction, as we understand it, was not intended to, and in fact did not, submit to the jury the matter of the last clear chance. While the wording of the instruction could probably be improved upon, it does not contain any error in law.

■ The court instructed the jury with reference to the measure of damages to the automobile, and this instruction is complained of because it is said that the evidence is not sufficient to justify the submission of the question to the jury. While the evidence is meager, it, nevertheless, under the rule of the case of *Madden v. Nippon Auto Co.*, 119 Wash. 618, 206 Pac. 569, was sufficient to take the question to the jury. Little need be said upon this question, because, since there must be a new trial for the error above pointed out, the evidence with reference to the damages to the automobile upon that trial will doubtless be more explicit.

The judgment will be reversed and the cause remanded with direction to the superior court to grant a new trial.

PARKER, FRENCH, BEALS, and MILLARD, JJ., concur.