[No. 23049. Department Two. August 24, 1931.]

MOLLIE K. COLE et al., Respondents, v. CHARLES F. SCHAUB, Appellant.[1]

*Battle, Hulbert & Helsell* and *Atwell & Moore,* for appellant.

*Henry S. Westbrook* and *Dwinell & McCoy,* for respondents.

FULLERTON, J.—The respondents brought this action to recover damages for personal injuries sustained by the respondent Mollie K. Cole in a collision be-

[1]Reported in 2 P. (2d) 669.

tween an automobile driven by the respondent W. B. Cole · and an automobile driven by the appellant, Schaub. The cause was tried to the court with a jury, and a verdict was returned in favor of the respondents in the sum of $7,500. Motions for judgment notwithstanding the verdict and for a new trial were overruled, and judgment was entered on the verdict. From the judgment, this appeal was prosecuted.

The accident occurred May 12, 1929, on the Pacific highway a few miles south of Chehalis. Mrs. Cole suffered severe cuts in the face, the most serious ones being about the nose and the left eye. She was taken immediately to a hospital at Chehalis, where she was attended by a physician of that place, who cleansed, sutured and dressed the wounds. The following day she was taken to her home in Portland, Oregon, where her own physician cared for the wounds until they healed. Later, the services of a specialist were required for treatment of the eyes, especially the left eye. Eye-glasses also were prescribed by him and were obtained. X-ray pictures taken at the instance of the specialist disclosed a fracture of the bone at the outer side of the orbit of the left eye.

As permanent results of the injuries suffered by Mrs. Cole, there is some disfigurement of the face, numbness of the nose and nasal passages, and almost total loss of the sight of the left eye. The most distressing effect of the numbness of the nose and nasal passages is that the flow of the natural secretions from the passages produces no sensation and at times is more copious than normal; so that Mrs. Cole, partly from necessity and partly from caution, must have a handkerchief constantly at hand and make frequent use of it. With the injured eye she can perceive a glimmer of light, but cannot discern objects.

At the time of the accident, Mrs. Cole was fifty-five

years of age, and had been employed for about five years as a saleswoman in the cloak department of a retail mercantile establishment in Portland. Disability from the injuries received in the accident caused her the loss of a few weeks' time from her employment, but after that she resumed work and continued as before. There was no evidence to show what her earnings or earning power had been at any time in any line of endeavor, and no evidence to indicate whether her earning capacity in the employment mentioned or in any other employment had been affected by the disabilities resulting from the injuries.

The appellant's assignments of error are stated as follows:

"(1) The court erred in giving instruction No. 17,
"(a) Because the court submitted to the jury 'impaired earning capacity;'
"(b) Because the court submitted the actual expenses necessarily incurred for physicians' care.
"(2) The court erred in denying appellant's motion for a new trial because the verdict was excessive and against the weight of the evidence.
"(3) The court erred in permitting evidence of the amount paid for doctors' services."

Instruction No. 17, parts of which are complained of under the first assignment of error, reads thus:

"No. 17. If you should find from a preponderance of the evidence that plaintiff should recover, then you will come to the consideration of the amount of your award.

"In determining the amount of damages to be allowed, you should take into consideration the physical and mental pain and suffering and shock to her nervous system, if any, the extent of the injuries and permanency thereof, if any, the actual expenses necessarily incurred for physician's care, if any, and impaired earning capacity, if any.

"In fixing the amount of award in such cases the law does not and cannot fix any definite rule to follow. You should be governed by your good common sense and of course by the evidence in the case. Your verdict should be in such amount as will justly compensate plaintiff for the injuries sustained. . . ."

The particular parts of this instruction to which the appellant takes exception are contained in the second paragraph, where the jury were told that, in arriving at the amount of damages to be allowed, they should take into consideration "the actual expenses necessarily incurred for physician's care, if any, and impaired earning capacity, if any."

The complaint contained no allegation or suggestion that Mrs. Cole's earning capacity had been impaired, and no damages were claimed for impairment of earning capacity. The recovery sought was $25,000 as general damages for pain and suffering, nervous shock, permanent physical injuries, loss of bodily functions and consequent inconvenience and embarrassment, and $500 as special damages on account of medical, surgical and hospital expenses. As we have intimated above, there was no evidence from which the jury could have arrived intelligently at a sum to be included in the verdict as compensation for lessened earning power.

For the court to instruct the jury that they should consider Mrs. Cole's impaired earning capacity in arriving at the amount of the verdict was error, since impaired earning capacity was not in issue under the pleadings and no claim was made for damages therefor, and there was no evidence from which the jury could decide upon a reasonable sum to allow as such damages. *Van Liew v. Atwood,* 115 Wash. 580, 197 Pac. 921; *Ely v. North Coast Lines,* 151 Wash. 137, 275 Pac. 78.

In *Ely v. North Coast Lines, supra,* the trial court had instructed the jury that they might consider several possible elements of damage of which there was no evidence. This court, holding the instruction erroneous, made the following comment:

"In submitting the case to the jury upon the question of damages for personal injuries, the jury were told that they should consider the disability, if any, that the respondent had suffered since the accident, 'any future disability, if you find any to exist,' the compensation he had received or was receiving prior to the accident, 'and whether or not the injury is likely to be permanent.' The jury were also told in this instruction that they should consider any pain and suffering the respondent had endured as a result of the accident, or 'that he may have to bear in the future, if any.' There was no evidence of future disability, permanency of the injury as affecting the respondent's earning capacity, or of future pain and suffering. These three elements were included in the instruction complained of. The instruction was objectionable because it submitted to the jury issues which there was no evidence to sustain. The giving of it was therefore error. [Here follow quotations from *Bennett v. Oregon-Wash. R. & Nav. Co.,* 83 Wash. 64, 145 Pac. 62; *Estes v. Babcock,* 119 Wash. 270, 205 Pac. 12; and *Gosa v. Hyde,* 117 Wash. 672, 202 Pac. 274.] "The instruction in this case goes much further than the one complained of in *Jensen v. Schlenz,* 89 Wash. 268, 154 Pac. 159, the giving of which was held not to be error."

In *Van Liew v. Atwood, supra,* a husband and wife sued for personal injuries to the wife inflicted in an automobile collision, and they recovered a judgment in the superior court. The trial court instructed the jury that, in arriving at the amount of damages to be allowed, they might take into consideration the previous capacity of the wife to perform domestic services in the household and the extent, if any, to

which such capacity had been impaired by the injuries suffered in the accident; and might allow for any impairment of capacity in that respect such sum as they believed would be a fair and just compensation. No claim for such damages had been made in the complaint, nor was there any evidence of what pecuniary loss the plaintiffs had sustained by reason of impaired ability to perform domestic services. This court reversed the judgment, saying, in effect, that, to warrant a charge to the jury that such impaired ability might be considered as an element of damages, it was essential that there be evidence of what pecuniary loss had been sustained.

The respondents assert that it is a rule in this state that "even though there is no evidence to support an element of damages, it is not error to submit that item where the instruction does not assume there is evidence;" and they cite the following decisions of this court in support of their assertion: *Eggleston v. Seattle*, 33 Wash. 671, 74 Pac. 806; *Niemyer v. Wash. Water Power Co.*, 45 Wash. 170, 88 Pac. 103; *Helland v. Breidenstein*, 55 Wash. 470, 104 Pac. 626; *Anderson v. Hurley-Mason Co.*, 67 Wash. 342, 121 Pac. 815, Ann. Cas. 1913D 148; *Torgeson v. Hanford*, 79 Wash. 56, 139 Pac. 648; *Jensen v. Schlenz*, 89 Wash. 268, 154 Pac. 159; *Hansen v. Dodwell Dock & Warehouse Co.*, 100 Wash. 46, 170 Pac. 346; *Ziomko v. Puget Sound Elec. Ry.*, 112 Wash. 426, 192 Pac. 1009; *Smelser v. Barnes*, 125 Wash. 126, 215 Pac. 369.

These cases do not sustain the respondents' contention. One of them, *Torgeson v. Hanford*, is squarely against it, and the opinion points out that in three of the earlier cases cited, *Niemyer v. Wash. Water Power Co.*, *Helland v. Breidenstein*, and *Anderson v. Hurley-Mason Co.*, the instructions given were by way of caution against the allowance of items not proved rather

than a submission of items not supported by evidence. *Eggleston v. Seattle, supra,* was also such a case, as will be seen from the instruction there given:

"There is an allegation in the complaint that, in addition to these injuries, she has suffered a damage by reason of having to employ physicians and incurring expenses of that character. You will not consider, in making up your verdict, any damages of this character, unless there is evidence in the case before you that such damages were sustained and such expenses were incurred—were reasonably incurred, and they had a reasonable value for which she is liable."

In *Ziomko v. Puget Sound Electric Ry., supra,* the trial court, in stating the issues to the jury, recited the substance of the allegations of the complaint, and, in doing so, stated the items of damage the plaintiff alleged he had suffered. Some of the items were not sustained by any evidence, and some of the others were proved only in part. The court, not being requested to specify the items not proved or proved only in part, gave general instructions that left to the jury the duty to determine what items the evidence tended to establish and the extent to which they were established. This court held that there was no prejudicial error in that method of charging the jury under the circumstances there shown. The situation in the present case was very different. The jury were charged specifically that it was their duty to take into consideration impaired earning capacity, although there was no evidence whatever from which to determine the amount they should allow as compensation for the impairment.

The other cases relied upon by the respondents are even further from the point than those just explained. Since there will have to be another trial, we need not notice the matter of medical and hospital expenses further than to say that the payment of such

expenses by the respondents was not, of itself alone, proof of their reasonableness; and that the jury should have been instructed that the sums to be allowed for such outlays could not exceed the reasonable value of the services rendered.

The judgment is reversed, and the cause is remanded for a new trial.

BEALS, PARKER, and BEELER, JJ., concur.

TOLMAN, C. J. (dissenting)—I cannot agree with the majority that the instruction given was prejudicially erroneous, nor do the cases cited by the majority, as I read them, meet the present situation. This is not a question of recovery for time lost.

There was ample evidence of permanent injury, and without any proof of prior earning capacity or what might be the subsequent earning capacity, the jury had the right, from the evidence before it, to determine whether the permanent injuries were such as would lessen the earning capacity, whatever that capacity may have been. In other words, a saleswoman afflicted as respondent was shown to be, might perhaps resume the duties of her employment at the former wage; but, by reason of her affliction, she, in a dull season, would be more likely to lose her position or suffer a reduction of salary than if not so afflicted, and, moreover, her working years might, by reasonable inference, be held to be shortened by her disability. If one loses an arm it requires no further evidence to warrant a holding that his capacity for physical labor has been lessened. And so here, a saleswoman with a constantly discharging nose might well be held to be less valuable to her employer, and the lessened value would certainly be reflected in her pay envelope sooner or later.

For these reasons, I dissent.

ON REHEARING.

[*En Banc.* February 8, 1932.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adheres to the Departmental opinion heretofore filed herein. The judgment is therefore reversed, and the cause is remanded for a new trial.