[No. 26108.    Department One.    September 2, 1936.]

DENNY B. HUTTEBALL *et al., Respondents,* v. O. B. MONTGOMERY, *Appellant.*[1]

*McMullen & Snider (Milton R. Klepper,* of counsel), for appellant.

*Hall & Schaefer,* for respondents.

MITCHELL, J.—This action was brought to recover damages for personal injuries and the loss of personal

[1]Reported in 60 P. (2d) 679.

property caused by a collision between automobiles on a highway in Utah. There was a verdict for the plaintiffs, Denny B. Hutteball and wife, against the defendant, O. B. Montgomery. The defendant has appealed from a judgment on the verdict.

Respondents were going easterly, the appellant was going westerly. The collision occurred about ten o'clock in the morning at a point where the road was level, eighteen feet wide, and straight several miles each way. By a complaint on the part of the plaintiffs and a cross-complaint on the part of defendant, each charged the other with negligence, consisting of excessive speed and suddenly turning to the left of the center of the highway as the automobiles met, as the cause of the accident. There was a positive conflict in the evidence upon this point.

The evidence was entirely sufficient to satisfy the jury that each car was being driven at forty to forty-five miles an hour, on its right-hand side of the road until just about the time they met, at which time appellant's car suddenly swerved to its left beyond the center of the highway, making it impossible to avoid a collision. Both cars and certain personal property of the respondents were destroyed by the collision and by fire created by the collision. Appellant's wife and father were killed. All the parties to the present action were severely injured.

The first assignment on the appeal is that the court erred in denying appellant's motions to dismiss and for a directed verdict, for insufficient evidence to justify a verdict for the respondents. However, as already seen, the evidence was sufficient to take the case to the jury.

Assignments 2 and 3 relate to the rejection of testimony offered as to the estimated speed of respondents' car at several different points a number of miles

from the scene of the accident, neither of the witnesses having seen either car until after the collision; and also the rejection of testimony offered as to the character of the country over which the respondents traveled the morning of and prior to the accident. The argument upon these two matters together on behalf of appellant is that the testimony rejected would have shown that respondents had driven 414 miles that morning in nine and one-half hours, a general average of forty-six miles an hour, and that the first part of the morning's journey was through hilly country, where, presumably, they would not, or did not, drive as fast as later on; and that this, together with testimony offered of the estimated, excessively great speed of respondents' car later on, nearer the scene of the accident, would justify the jury in reasonably inferring that the respondents were driving in excess of forty-six miles an hour at the time of the collision.

The testimony offered was entirely too uncertain and remote. The rejection of it did not constitute error, prejudicial or otherwise. On the question of remoteness, some discretion must be vested in the trial court, and its ruling should not be disturbed unless clearly wrong. *Showers v. A. H. Jones Co.,* 126 Neb. 604, 253 N. W. 902. There was no abuse of discretion here. Appellant's authorities, including one furnished since the argument, have been examined, and, without discussing them, we say that they do not, in our opinion, sustain the claim that the court committed error in the rejection of this testimony.

Besides, how could the speed of respondents' car, whether forty or forty-five miles per hour, as admitted by them, or something over forty-six miles an hour sought to be established by appellant by this remote implication or inference, have anything to do with the proximate cause of the injury? The collision

would have occurred at either speed. *Clark v. King,* 178 Wash. 421, 34 P. (2d) 1105, and cases cited; *Burlie v. Stephens,* 113 Wash. 182, 193 Pac. 684. It was the position and path of the cars which caused the collision and consequent injuries, rather than the excessive speed, if any, of either of the cars.

In the complaint, it was alleged that the respondents' total and necessary expenses for hospital, physicians, surgeons, and nurses was one thousand dollars. Mr. Hutteball, who was the only witness for respondents on this point, testified that such services and expenses amounted to nine hundred dollars to one thousand dollars and an additional amount of fifty dollars, but did not testify that the sum or any part of it was *reasonable.* At the close of the taking of testimony, appellant moved that this testimony on behalf of the respondents be not submitted to the jury, for the reason that it was not proper or sufficient. The motion was granted, except as to the expenses for nurses, and the jury was so instructed. The verdict, in the form of an itemized statement, contains the item ''Nurses services $1,000.'' It is assigned that this item in the verdict and judgment constitutes reversible error, because there was no evidence of the amount of expenses incurred for nurses separate from other expenses, and that there was no evidence on behalf of the respondents of the reasonable value of the services of the nurses.

The record sustains this contention as to the facts. The law is in favor of the claim of error. Even the payment of such expenses, of itself, would not be sufficient; there must be proof of the *reasonableness* of the charges or expenses. *Richardson & Holland v. Owen,* 148 Wash. 583, 269 Pac. 838; *Torgeson v. Hanford,* 79 Wash. 56, 139 Pac. 648. See, also, *Cole v.*

*Schaub,* 164 Wash. 162, 2 P. (2d) 669, 7 P. (2d) 1119. This assignment of error must prevail.

Under the assignment that the court erred in denying a motion for a new trial, it is argued that counsel for respondents were guilty of misconduct in the cross-examination of the appellant with respect to certain newspaper clippings concerning the collision. The record upon this matter is somewhat lengthy and need not be set out in full. The incident occurred in the cross-examination of the appellant upon a matter referred to in his direct examination. The newspaper articles did not get to the jury, nor was there, in our opinion, anything indicating misconduct or other than good faith on the part of counsel.

A further contention is made that the item of thirteen hundred dollars damages for the loss by fire of the contents of the respondents' automobile was not sustained by the evidence. This presents a question of fact, and, in our opinion, there was abundant evidence to sustain the finding.

Other assignments require no separate discussion. They are without substantial merit, and, in effect, have been taken care of by what has already been said herein.

The cause is remanded, with directions to grant a new trial, unless, within thirty days from the going down of the remittitur, the respondents agree to a reduction to the extent of one thousand dollars in the amount of the recovery because of error as to the expenses of nurses, as above indicated. Upon respondents so agreeing, a new trial will not be given and judgment will be entered accordingly.

MILLARD, C. J., TOLMAN, STEINERT, and GERAGHTY, JJ., concur.