[No. 31185.   Department Two.   May 4, 1950.]

ELLIOTT HALL *et al., Appellants,* v. SHERMAN D. LAWTON
*et al., Respondents.*[1]

*Earl W. Husted* and *James Tynan,* for appellants.

*Dailey & Conroy,* for respondents.

MALLERY, J.—The plaintiff appeals from a judgment for
the defendants in a personal injury action.

Respondents Lawton and Anderson, a partnership, op-
erated a tavern leased from respondent Hayden.  November
7, 1947, appellant, a business invitee, returning from the
men's room, stumbled on a defective step into the tavern,
and fell on his *left* elbow.  The fall did not injure him.  While
he was on the floor, someone roughly grabbed him, angrily
saying:  "What's going on here?"  This person did not ap-
pear to be assisting appellant to his feet, but seemed only to

[1]Reported in 217 P. (2d) 796.

shake him violently and repeatedly. Appellant asked the person to stop, because he was hurting him.

Suffering from the injuries just received, appellant rejoined his wife and friends in their booth. Respondent Lawton observed his distress and administered a damp towel to his forehead. Shortly thereafter, he was taken to the hospital, where his injury was diagnosed as a dislocation of the *right* shoulder. The shoulder has not mended perfectly, has required much treatment, and may never be normal.

Appellant's two causes of action were based (1) on the negligence of all the respondents in maintaining premises designated by appellant as a trap, and (2) on the negligence of respondents Lawton and Anderson in maintaining the premises in a slippery and unlighted condition. This latter cause of action was framed to include respondent Lawton's violent shaking of appellant after he fell.

At the end of the trial, after having ruled previously that, *as a matter of law,* appellant could not recover from any of the respondents on the theory of negligent construction or maintenance of the premises, because it had affirmatively appeared from the appellant's evidence that he had not been injured by the fall, the court further narrowed the issues of the case by refusing to instruct the jury on a question of respondent Lawton's *negligent* treatment of appellant, and by instructing the jury solely on the question of battery.

Appellant's requested instruction was:

" . . . that one who undertakes to assist another, although under no legal duty to do so, is bound to use due care to avoid injury. Thus, if one attempts to help another person to his feet, and does so in a . . . negligent manner, and injury results as a proximate result of such . . . negligence, liability cannot be escaped on the ground that there was no duty to assist in the first place. A person may be under no duty to act, but having done so, the law requires him to use due care in performing the action."

The refusal of the court to give this instruction was explained by the following written memorandum:

"Covered in so far as proper by No. 2. [Instruction on battery.] Issue of case as framed by pleadings outside neg-

ligence in maintenance of premises is one of willful assault. No evidence to cover this request. All evidence as to actions of Dft. Lawton show willful assault, if he was there at all."

Appellant contends it was error not to instruct the jury regarding possible *negligent* treatment of appellant after he fell, in addition to that applying to the alleged willful battery.

Requested instructions inapplicable to pleadings and evidence are properly refused. *Bounds v. Galbraith,* 117 Wash. 225, 200 Pac. 1082; *Cole v. Schaub,* 164 Wash. 162, 2 P. (2d) 669; *Auerbach v. Webb,* 170 Wash. 567, 17 P. (2d) 1; *Baldwin v. Washington Motor Coach Co.,* 196 Wash. 117, 82 P. (2d) 131; *Trudeau v. Snohomish Auto Freight Co.,* 1 Wn. (2d) 574, 96 P. (2d) 599; *Brewer v. Berner,* 15 Wn. (2d) 644, 131 P. (2d) 940; *Boyle v. Lewis,* 30 Wn. (2d) 665, 193 P. (2d) 332.

In the light of this rule, we will therefore examine the pleadings and evidence introduced without objection, to see if the question of negligent acts of Lawton may be considered in the case.

The pertinent parts of the complaint follow:

". . . upon the emergence of the plaintiff from the lavatory as aforesaid, [defendant Lawton] grabbed the said plaintiff in a violent and boisterous manner and shook him and twisted his arm, thereby aggravating the condition suffered by the plaintiff as a result of his fall. That as a proximate result of the said fall and the treatment of the plaintiff by the said Sherman D. Lawton [plaintiff] suffered a dislocation of the right shoulder . . ."

We hold with the trial court that this alleges a battery and that mere negligence is not included therein by necessary inference.

As to whether any *evidence* in the case shows mere negligence rather than a willful battery, we find that the appellant's own testimony is to the effect that respondent Lawton angrily, violently, repeatedly, and, by inference, intentionally shook appellant. There is no evidence from which Lawton's mere negligent mistreatment of appellant can be implied.

We hold, with the trial court, that the allegations of the complaint, and evidence introduced in the case, support only a theory of battery. The trial court did not err in refusing appellant's requested instruction on negligence only as applied to Lawton's acts.

At the close of appellant's case, the court granted two of respondents' motions. First, he dismissed the action against respondent Hayden upon the grounds that:

" . . . Under the plaintiff's testimony, viewing it in the light most favorable to him, as the Court must, his answers are direct and positive to the effect that at the time he fell, he fell on his left arm and that he did not hurt himself when he fell, and it is his right arm which he says was injured by pulling it out of the shoulder. That being true, whether the landlord was negligent or not negligent, or whether this was a trap or wasn't a trap is wholly immaterial, because Mr. Hall's injuries, according to his testimony, resulted entirely from the acts of the defendant Lawton and so he suffered no injuries from any negligence of the defendant Hayden. The motion as to her is granted."

Second, he granted respondent's motion to require appellant to elect his cause of action, making this explanation to the jury:

" . . . and the negligence of the partnership, or either of them in the maintenance of the premises, is also eliminated from your consideration, the Court holding, in view of the plaintiff's testimony that he was not hurt when he fell down, eliminates that from the case, and the sole issue is whether or not the plaintiff suffered injury at the hands of Mr. Lawton after he fell down, and whether or not Mr. Lawton or the partnership, are liable therefor, and the case will proceed upon that issue."

These rulings eliminated, *as a matter of law*, any issue of negligence in the maintenance of the premises, and narrowed the issue to whether the partners, or either of them, were liable by reason of a battery committed upon the appellant by Lawton.

Appellant contends that the court erred in so ruling, and advances the theory that the substandard maintenance of the premises created a foreseeable risk that third parties, in

rendering assistance to patrons who fall as a consequence of the defective premises, might either negligently or intentionally harm them.

As to this assignment of error, we think it is sufficient to say that the evidence in the case and pleadings, as they were framed, did not include this issue, and hence the court did not err in eliminating it from the consideration of the jury.

The judgment is affirmed.

SIMPSON, C. J., ROBINSON, HILL and HAMLEY, JJ., concur.